## CITY OF CORPUS CHRISTI v. LIVE OAK COUNTY.

No. 9974.

Court of Civil Appeals of Texas. San Antonio.

March 3, 1937.

452, 39 S.W.(2d) 824; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845.

The filing of this plea placed upon appellee, on the venue hearing, the burden of making prima facie proof of the execution and the authority for the execution of the written contract on the part of appellant city. In making this proof a certified copy of a part of the purported contract was admitted over the objection of appellant. This was error, for the reason that it was incumbent upon appellee to make prima facie proof of not only the execution, but also the authority of those executing such contract. Authorities heretofore cited. This conclusion requires reversal.

In view of another trial, we deem it expedient to call attention to the amendment of subdivision 5 of article 1995, Revised Civil Statutes of Texas, by the 44th Legislature (chapter 213, § 1 [Vernon's Ann.Civ.St. art. 1995, subd. 5]), and, inasmuch as the entire contract is not before us, we are not in a position to determine whether or not the contract in suit is controlled by exception 5, as amended, to our venue statutes. It is our desire also that in the disposition of this case we are not to be understood as approving the proposition urged by appellant, that a municipal corporation, such as the City of Corpus Christi, cannot be sued in a county other than its situs, under other exceptions to our venue statutes except subdivision 5. It seems now to be the rule that, within the purview of our venue statutes, a municipal corporation is construed to be a person, and all municipal corporations, except a county, are subject to our venue statutes. City of Corpus Christi v. McMurrey (Tex.Civ.App.) 90 S.W.(2d) 868; Id.(Tex.Civ.App.) 92 S.W.(2d) 1108. Mandamus requiring the Court of Civil Appeals to certify refused by the Supreme Court.

Both parties to this appeal being public corporations, we think the ends of justice will be better served by a remanding of this case for a new trial. Lanford v. Lovett (Tex.Civ.App.) 97 S.W.(2d) 982; Lanford v. Smith (Tex.Sup.) 99 S.W.(2d) 593. Accordingly, it is so ordered.

Lewis H. Jones, Dean B. Kirkham, and John J. Pichinson, all of Corpus Christi, and L. Hamilton Lowe, of Austin, for appellant.

H. S. Bonham, M. W. Pitts, Jr., and J. A. Wood, all of Corpus Christi, for appellee.

SLATTON, Justice.

This is an appeal from an order of the District Court of Live Oak County overruling appellant's plea of privilege to be sued in the county of its situs, to wit, Nueces County.

Appellee, Live Oak County, filed suit against appellant, City of Corpus Christi, a municipal corporation having its situs in Nueces County, to which action the City of Corpus Christi filed its plea of privilege, which was in statutory form. The main purpose of appellee's cause of action, as is disclosed by its original petition, is a suit for a breach of contract. On the question of venue the character of a cause of action must be determined from the averments of the plaintiff's original petition. Sims v. Trinity Farm Construction Co. (Tex.Civ.App.) 28 S.W.(2d) 856, and authorities there cited.

The appellant's statutory plea of privilege having been filed, it was equivalent to a plea of non est factum. Berry v. Pierce Petroleum Corporation, 120 Tex.