### COX et al. v. CHAPA.

#### No. 11513.

Court of Civil Appeals of Texas. San Antonio.

May 9, 1945.

Rehearing Denied June 6, 1945.

218

Perkins & Floyd, of Alice, for appellants.

Lloyd & Lloyd, of Alice, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege. Trial below was to the court without a jury. No findings of fact or conclusions of law were requested or filed. Exceptions Nos. 9 and 14 of Article 1995, Vernon's Ann.Civ.Stats., are relied upon to sustain the trial court's judgment.

We are of the opinion that the order appealed from must be affirmed, under exception 14 of Article No. 1995, and consequently need not discuss numerous contentions raised in the brief with reference to exception 9.

Article 1995, Sec. 14, reads as follows:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

In his petition appellee alleged that appellants were the owners of certain oil wells in Duval County, and had caused large amounts of salt water and oily substances to be brought to the surface of the land. He further alleged that appellants had failed to keep such substances stored in earthen tanks upon appellants' premises, but, on the contrary, had permitted said salt water and oily substances to drain into certain creek beds which carried the same onto appellee's lands.

Among other allegations, the petition contained the following:

"That on many occasions, and almost continuously during 1943 and 1944, the defendants have caused, allowed and permitted crude oil, salt water, sediments and fluids from their said oil wells, reservoirs and tanks to drain and flow into and down the said creek and its various tributaries, and to become commingled with the waters therein; that said creek, its tributaries, have been polluted, poisoned and contaminated by such crude oil, salt water, sediments and fluids; that such crude petroleum, salt water, sediments and fluids from said oil wells, reservoirs and tanks have spread over, covered, stood on, soaked and seeped into 400 acres of pasture or grazing land and 45 acres of cultivated land belonging to plaintiff; * * * that such crude oil, salt water, sediments and fluids have covered, become attached to, seeped and soaked into and have contributed to poisoning said land and the complete destruction of said land, its productivity and all further use for agricultural, grazing and pasture purposes; that since said crude oil, salt water, sediments and fluids have overflowed, run over, become attached to, soaked and seeped into said land, plaintiff has been unable to and cannot grow any crops of agricultural crops on the 45 acres of land in cultivation and he is unable to use said land for pasture or grazing purposes; that said land has been and is now wholly unfit for agricultural purposes and grazing purposes and the same has been permanently poisoned, damaged and destroyed; * * *."

It appears from the petition that the appellee's suit was one for the recovery of damages to lands. City of Corpus Christi v. McMurrey, Tex.Civ.App., 90 S.W.2d 868; Godwin v. Oliver, Tex.Civ.App., 156 S.W.2d 992. This being the nature or character of the suit, the only remaining inquiry is in regard to the location of the land alleged to be damaged. Smith v. Mitchell, Tex.Civ.App., 161 S.W.2d 591; Collins v. Griffith, Tex.Civ.App., 105 S.W. 2d 895; Rado Refining & Producing Co. v. Lucas, Tex.Civ.App., 93 S.W.2d 613; Sims v. Trinity Farm Construction Co., Tex.Civ.App., 28 S.W.2d 856; 43 Tex.Jur. 862, § 119.

It was shown conclusively that the land alleged to be damaged was located in Duval County, where the suit was filed.

The fact that appellee under the allegations of his petition also sought damages for injuries other than for the alleged injury to the land itself does not change the situation. Additional damages were sought for injury to growing crops and grasses and also for injury to appellee's cattle which had been forced to drink unfit water as a result of appellants' alleged wrongful actions. These various items of damages could be properly recovered in one suit. 43 Tex.Jur. 771, § 51.

The order appealed from is affirmed.