### TENNESSEE GAS & TRANSMISSION CO. v. HEARD.

No. 11530.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 10, 1945.

Rehearing Denied Nov. 14, 1945.

Small, Arney & Small, of Austin, and Cecil C. Rotsch, of Houston, for appellant.

Tarlton & Koch, of Corpus Christi, for appellee.

MURRAY, Justice.

Ira Heard instituted this suit in the District Court of Refugio County against Tennessee Gas and Transmission Company, seeking to recover the sum of $200 as damages to land situated in Refugio County and the sum of $2700 as damages to his cattle. The defendant filed a plea of privilege to be sued in Harris County, the county of its residence. Plaintiff filed a controverting affidavit, the third paragraph of which reads as follows:

"1. Plaintiff's original petition, filed herein on February 17, 1945, alleges that the defendant has damaged both real and personal property belonging to the plaintiff, situated in Refugio County, Texas, and that by reason of such damages to plaintiff's lands; venue in this suit properly lies in Refugio County, Texas, under and by virtue of Section 14, of Article 1995, Revised Civil Statutes of Texas, 1925."

The trial court overruled the plea of privilege and Tennessee Gas and Transmission Company has prosecuted this appeal.

Appellant's first contention is that appellee's controverting plea did not allege sufficient facts showing that this case comes within one of the exceptions to the general rule of venue, as provided in Art. 1995, Vernon's Ann.Civ.Stats. We overrule this contention. The controverting plea contained all of the allegations necessary to bring it within Subdivision 14 of said Art. 1995.

Subdivision 14 reads, in part, as follows:

"Lands.—Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie."

Thus we see that all that is required to bring a suit under the provisions of this subdivision, is that the nature of the suit be one for the recovery of damages to land, and that the land be located in the county of suit. The controverting plea did allege that the nature of the suit was one for the recovery of damages to land situated in Refugio County. That was all that was required.

In 43 Tex.Jur. p. 862, § 119, it is stated: "Under subdivision 14 of R.S. art. 1995 (see § 28) there appear to be two conditions upon which venue in a county other than that of the residence of the defendant depends: (1) that the suit is one concerning land, and (2) that the land is in the county in which the suit is filed. * * *"

Appellant next contends that the proof was insufficient to establish the venue facts necessary to bring this case under the provisions of said subdivision 14. We overrule this contention. The court will determine the nature of the suit, as a matter of law, merely by a reference to the petition in the case, and the proof clearly shows that the land was situated in Refugio County. 43 Tex.Jur. p. 846, Sec. 110; Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217; Cox v. Palacios, Tex.Civ. App., 188 S.W.2d 688.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant complains because we did not discuss and give our reasons for not sustaining his points 3 and 4, which relate to the action of the trial court in overruling his special exceptions Nos. 2 and 3. These exceptions read as follows:

"The defendant specially excepts to the Plaintiff's Controverting Plea because there are not sufficient facts sworn to and stated under oath by the plaintiff to show

520

a cause of action against this defendant and to show that venue of this case is in Refugio County, and of this special exception the defendant prays judgment of the court.

"The defendant specially excepts to the Plaintiff's Controverting Plea because there are not enough facts alleged therein to show that this defendant or its agents, servants or employees did or committed the damages, trespasses, torts and acts, if any, on which the plaintiff's cause of action, if any, is based, and of this special exception the defendant prays judgment of the Court."

The trial court properly overruled these exceptions: the controverting affidavit, among other things, stated in effect that the suit was one for damages to real estate situated in Refugio County, Texas. As stated in our original opinion, these allegations were sufficient to bring the case under section 14 of Art. 1995, Vernon's Ann.Civ.Stats. The nature of the suit should always be determined by a mere reference to the petition, whether such petition is adopted as a part of the controverting affidavit or not. Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688; City of Corpus Christi v. Live Oak County, Tex.Civ.App., 103 S.W.2d 226; Sims v. Trinity Farm Construction Co., Tex.Civ. App., 28 S.W.2d 856.

Appellant's motion for a rehearing is overruled.