**ROSS et al. v. MARTIN et al.**

No. 2747.

Court of Civil Appeals of Texas. Eastland.

Nov. 4, 1949.

Rehearing Denied Dec. 2, 1949.

Blair & Randle, Austin, Carlos C. Ashley, Llano, for appellants.

George M. Ritchie, Mineral Wells, for appellees.

COLLINGS, Justice.

Appellees, W. F. Martin and Willie I. Martin, residents of Palo Pinto County, Texas, brought this suit in the District Court of Stonewall County against appellants J. F. Ross and George T. Williams, both residents of Llano County, Texas. From a judgment of the trial court overruling appellants' plea of privilege to be sued in the county of their residence, this appeal is brought.

In the controverting affidavit filed by appellees, it was urged and is here contended that the District Court of Stonewall County had venue of this suit because (1) it was a suit to recover damages to land located in Stonewall County, in accordance with Subdivision 14 of Article 1995, R.C.S. of Texas, and (2) for the further reason that the cause of action was based upon a trespass committed by appellants in Stonewall County under Subdivision 9 of Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 9.

The basis of appellees' suit was stated in two counts. In the first count it was alleged that there was a contract between the parties under which appellants undertook to kill the mesquite brush growing upon a 200 acre tract of land of appellees situated in Stonewall County in accordance with the specifications of the United States Department of Agriculture; that appellants represented that the means to be used would be effective and that no mesquite brush would be left growing upon said land; that in July of 1946, appellants went upon the land and poisoned such brush with kerosene or some other solution and in May, 1947, again went upon the premises and poisoned brush which had outcropped; that appellees paid appellants a total of $1,825.00 as provided in the contract. It was further alleged that in the fall of 1947, it became apparent that the effort to kill the mesquite brush had not been effective and that 75% to 80% of said brush was outcropping; that appellants knew when they entered the contract that such an outcropping would materially damage appellees' pasture land and render it much less valuable; that appellees notified appellants of the outcropping of the mesquite brush and requested a compliance with their agreement to effectively kill same but that appellants failed and refused, to appellees' damage in the sum of $4,825.00.

The second count alleged that pursuant to a contract between the parties, appellants undertook to kill mesquite brush growing on appellees' land; that the operations in connection with the poisoning of said brush were under the exclusive control of appellants and were known to appellants but not to appellees; that outcropping was not a result which would normally occur in the absence of negligence in the application of solutions to said brush, but that as a result of the application of the solutions by appellants, the brush did outcrop. That appellants were guilty of negligence as follows: (1) in applying treatment which they knew or should have known would cause the brush to outcrop; (2) in applying the solution in a way and manner which they knew or should have known would cause the brush to outcrop, and (3) in failing to follow up the first application of poisoning solution in such a way as to prevent outcroping of said brush; that as a result of such negligence by appellants, appellees' land was damaged as aforesaid.

Subdivision 9 of Article 1995 provides as follows: "A suit based upon * * * trespass may be brought in the county where such * * * trespass was committed * * *."

The burden rested upon appellees as plaintiffs to allege and prove the facts relied upon to bring the case within the above exception. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. On account of our holding on another point which is controlling, we will not discuss this matter further than to say that after a careful examination of the evidence, we are of the opinion that it was not sufficient to raise the issue of active negligence or trespass on the part of appellants. It follows that appellees have failed to prove the facts required to confer venue under Subdivision 9.

The material portion of Subdivision 14 here under consideration is as follows: "Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie."

In order to be within the provisions of the above exception, there are two requirements: (1) the nature of the suit must come within the terms of the statute; (2) the land must be situated in the county in which venue is claimed.

The question of whether the nature of a suit complies with the statute is determined by the allegations of the petition. A consideration of the petition herein indicates that the suit, as alleged in the second count thereof, is one "for damages to land." It is true that a contract between the parties for personal services furnished the setting for what transpired but the effect of appellees' demand in the second count of their petition is not to require appellants to comply with a promise or a contract. It is a claim for damages alleged to have been sustained to land by reason of appellants' negligence. Since

this is the nature of the suit and the evidence shows that the land is situated in Stonewall County, the terms of the statute are complied with and venue was properly held by the trial court to be in Stonewall County. 43 Tex. Jur., page 846; Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217; Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518; Phipps v. Reed, Tex.Civ.App., 219 S.W.2d 561.

The judgment of the trial court is affirmed.