**LONGHORN TRUCKS, Inc. v. BAILES.**

No. 9837.

Court of Civil Appeals of Texas. Austin.

Dec. 14, 1949.

Rehearing Denied Jan. 4, 1950.

Kyle & Walker, Henry C. Kyle, San Marcos, for appellant.

Ernest Morgan, San Marcos, for appellee.

HUGHES, Justice.

Longhorn Trucks, Inc., a private domestic corporation, when sued by Mrs. Hazel N. Bailes, a feme sole, for damages to her property and injuries to herself, filed a plea of privilege to have the suit transferred to Nueces County, the county where its office and principal place of business was located. On the venue hearing and after all evidence was in, the trial court withdrew the case from the jury and rendered judgment overruling the plea of privilege.

The points made by appellant are that under the pleadings and evidence the action of the trial court was erroneous. The specific nature of these points will be noticed in the following discussion which is relevant to all points.

The undisputed evidence is that on March 13, 1949, a truck owned by appellant and being operated by one of its employees within the scope of his employment, careened off the highway on which it was traveling and on to appellee's property, tearing down a retaining wall and damaging the shrubbery before coming to rest against a tree. Appellee's property, a house and lot, was located in Hays County.

Appellee, in her petition which was attached to and made a part of her controverting affidavit, charged that appellant was negligent in the operation of its truck, in that it was being driven too fast, was not kept under proper control, and the driver failed to keep a proper lookout.

The only evidence of the speed of the truck was the testimony of appellee that she heard the truck coming and, from experience, she knew the truck was "going at a high rate of speed."

Appellee's controverting affidavit, in addition to her petition, contained the following, and only the following, affirmative allegation, " * * * setting out specifically the grounds relied upon to confer venue * * *," as required by Rule 86, Texas Rules of Civil Procedure: "The allegations of said petition show and aver, and it is a fact, that the defendant committed, within the meaning of exception 9 to Article 1995 of Vernon's Annotated Civil Statutes of the State of Texas, a trespass, in Hays County, Texas, upon the person of plaintiff and upon the lands and property of plaintiff situated in Hays County, Texas."

While appellee does not abandon her effort to sustain venue in Hays County under Subd. 9 of Art. 1995, V.A.C.S., she now relies primarily upon Subd. 14 of such article. Appellant contends that the pleadings are insufficient to allow this

and cites Rule 86, supra; Victoria Bank and Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Merchants Fast Motor Lines, Inc., v. Levens, Amarillo, Tex.Civ. App., 161 S.W.2d 853; Douglass v. Flintkote Co., Dallas, Tex.Civ.App., 207 S.W.2d 635, and Swift & Co. v. Mackey, Eastland, Tex.Civ.App., 216 S.W.2d 242.

The general rule of pleading is that the facts and not the law should be pleaded. 33 Tex.Jur., p. 441. We see no harm in pleading both the law and the facts in a controverting affidavit. On the other hand, we see no harm in failing to plead the law. Certainly none appears in this case and we are not inclined to reverse the trial court's judgment for this reason, unless required to do so by other authority.

Rule 86, supra, only requires that the "grounds" relied upon to confer venue must be specifically set out in the controverting affidavit. Clearly the word "grounds" means "facts." If "grounds" means the law, then a perfect controverting affidavit in *every* case would be a verbatim copy of the exceptions in Art. 1995.

The meaning we give to the word "grounds" in Rule 86 is not opposed to the decision in the Victoria Bank case, supra, but is in fact compelled by the following language of Judge Smedley as used in such opinion [138 Tex. 216, 158 S.W.2d 66]: "The decision of the Court of Civil Appeals that venue of the suit lies in Harris County because the Victoria bank had an agency or representative in that county, when such fact is not alleged as a ground for venue, is necessarily in direct conflict with A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, and other decisions, which hold that when a defendant has filed a plea of privilege in statutory form the plaintiff, if he desires to controvert the plea of privilege, must both plead specifically and prove the facts relied upon to bring the case within one of the exceptions."

We construe the opinions in the Merchants Fast Motor Lines and Douglass cases, supra, as requiring that the venue facts only need be pleaded in a controvert-ing affidavit. In the Swift case, supra, the court expressly declined to pass on this question.

There are other cases in harmony with our conclusion: Sims v. Trinity Farm Construction Co., Waco, Tex.Civ.App., 26 S.W. 2d 856; American Asphalt Co. v. O'Rear, El Paso, Tex.Civ.App., 36 S.W.2d 779; Gugenheim v. Anheuser-Busch, Inc., Austin, Tex.Civ.App., 198 S.W.2d 950; Smith v. R.-F. Finance Corp., Ft. Worth, Tex. Civ.App., 216 S.W.2d 678.

If it appears from appellee's petition that this suit is one for the recovery of damages to lands, then the only factual inquiry is in regard to the location of the land alleged to have been damaged. Cox v. Chapa, San Antonio, Tex.Civ.App., 188 S.W.2d 217. Her petition alleged, in part: "That plaintiff resides in San Marcos in Hays County, Texas; that the property on which plaintiff lives, and which she owns, consists of a dwelling house and lot situated at the intersection of Blanco Street and Smith Avenue in said town of San Marcos; * * * that on or about March 13, 1949, one A. J. Stelzig, who, at all times material to this suit, was a servant, agent or employee of defendant, was operating one of defendant's large trucks with a large trailer transporting a motor vehicle and other heavy equipment on the trailer; that said Stelzig was driving down Ranch Highway Number 12 (Blanco Street), moving in an easterly direction and driving at an exceedingly dangerous rate of speed; that when said truck, driven by Stelzig, reached the point where Blanco Street, or Ranch Highway Number 12, intersects Smith Avenue, the place where plaintiff's property is located, said Stelzig, instead of keeping on Blanco Street, or Ranch Highway Number 12, or turning into Smith Avenue, ran and operated said truck so that same ran into and upon the property of plaintiff, plowing up plaintiff's yard, destroying shrubbery, trees, a rock retaining wall, and causing other great and irreparable damages and injuries to plaintiff, her person and property * * *."

These allegations are sufficient to show that the nature of the suit is an action for

damages to land. Rogers v. Fort Worth Poultry & Egg Co., Fort Worth, Tex.Civ. App., 185 S.W.2d 165; Gulf C. & S. F. Ry. Co. v. Foster, Tex.Civ.App., 44 S.W. 198.

Appellee testified that the property which she owned and which appellant's truck invaded the night of March 13, 1949, was located in Hays County. This uncontradicted testimony as to the location of such property by an interested witness was conclusive and did not require submission of an issue to the jury regarding its location. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904.

The judgment of the court below is affirmed.

Affirmed.