## PICKENS v. HARRISON et al.

### No. 12197.

Court of Civil Appeals of Texas. Galveston.
June 8, 1950.

Rehearing Denied June 29, 1950.

Andrews, Kurth, Campbell & Bradley and Raymond A. Cook, all of Houston, Vance and Vance, of Edna, and Hamblen, Bobbitt & Hamblen, Jas. F. Bobbitt and A. C. Lesher, Jr., all of Houston, for appellant.

S. G. Sample and W. H. Hamblen, both of Edna, and Fulbright, Crooker, Freeman & Bates, Leon Jaworski, Austin C. Wilson, all of Houston, for appellees.

CODY, Justice.

This is a plea of privilege case. Suit was filed in the District Court of Jackson County by plaintiffs, Harrison of Wharton County, Combs of DeWitt County, and Clark of Jackson County, against defendant, Pickens of Dallas County, wherein it was alleged in substance that plaintiff Combs was the owner of 1,380 acres in Jackson County, and that on January 1, 1949, he leased said land to plaintiff Harrison for a period of ten years for rice farming purposes and that under the terms of said lease said Harrison drilled

an irrigation well of the value of $17,500 on a portion of the land; that on February 1, 1949, said plaintiff Harrison and plaintiff Clark entered into a partnership agreement for the purpose of rice farming the land; that under said partnership agreement plaintiff Clark contributed $5,000 and his services in rice farming said land, and was to share equally in the rice produced; that said plaintiffs Harrison and Clark would have produced a rice crop on said land for the 1949 season of the value of $20,000 except for the wrongs perpetrated by defendant.

Plaintiffs further alleged that defendant operated an oil and gas lease in the vicinity; that in operating said lease, defendant negligently disposed of salt water and other refuse so as to cause same to pollute the surface and subsurface waters and water-bearing sands, and so as to pollute the water of Lummis Creek which flowed down to and seeped into said plaintiffs' land, etc., etc. (making allegations of specific particulars in which defendant was alleged to be guilty of negligence in disposing of refuse from the operation of the oil lease, proximately causing the injuries complained of).

Plaintiffs further alleged that the rice crop was damaged in that less rice was produced, and that of an inferior quality, by reason of defendant's said negligent acts and that the leasehold estate was damaged, and the water well injured and polluted, etc. The damage to the leasehold estate was alleged to be $75,000; and that the value of the ownership in plaintiff Combs was damaged to the extent of $40,000. Without further particularizing, the plaintiffs sought recovery as follows: for plaintiff Harrison, $109,178.87; for plaintiff Clark, $12,504.63; for plaintiff Combs, $43,334.56.

Defendant seasonably filed his plea of privilege to be sued in Dallas, the county of his residence, which plaintiffs duly controverted, asserting venue to be in Jackson County under subdivision 14, Article 1995.

Upon the hearing of such contest, plaintiffs offered proof (1) that the land was located in Jackson County; that plaintiff Harrison leased the land from plaintiff Combs for ten years; that Harrison and Clark are in partnership in the farming operations thereon, and (2) introduced their pleadings in evidence to show the nature of their suit, and then rested. They introduced no evidence on the issue of damages, either to establish that the alleged injuries occurred, or that defendant was negligent in the respects charged, or that defendant's acts caused plaintiffs' damages. Nor would the court permit defendant to cross-examine the plaintiff Harrison, who testified for plaintiffs, as to the truth of the allegations of plaintiffs' petition with respect to the cause of action therein alleged. Defendant duly excepted to the court's refusal to permit any other evidence to be heard,—excepted to the court's refusal to hear evidence from Harrison on the issue of defendant's liability, upon which defendant sought to cross-examine said witness.

In response to defendant's request, the court filed findings of fact and conclusions of law; finding, that it was undisputed that the land was located in Jackson County; and concluding: That plaintiffs' petition shows this to be a suit by Gerard A. Harrison, as lessee of the lands involved, by Hassell I. Clark, his partner, and by C. J. Combs, as lessor and owner of the land, for recovery of damages to the land involved, in Jackson County. That by reason of Subdivision 14, Article 1995, venue of the suit is in Jackson County. That the only venue facts to be proved under said subdivision are (1) that the land is located in Jackson County, and (2) that the nature of plaintiffs' suit is a suit for the recovery of damages to such land, which latter fact, as to the nature of the suit, is to be determined from the allegations of plaintiffs' petition.

Defendant predicates his appeal on these points:

1. "The Court erred in holding that the only venue fact necessary to be proved under Section 14 of Article 1995, * * * is that the land in question is located in the County in which venue is sought to be maintained.

2. "The Court erred in overruling appellant's (defendant's) plea of privilege as to appellee, Hassell I. Clark, and in sustaining appellee, Hassell I. Clark's controverting affidavit for the reason that said appellee's pleading showed that he had no interest or estate in the land in question and there was no proof that he had any interest or estate in said land."

Defendant's first point must be overruled.

The question of whether the liability of the defendant, in a suit for damages to land, is a venue fact under Subdivision 14, has not yet come squarely before the Supreme Court for decision, nor has it heretofore come before this Court. However, it is defendant's contention that the following decisions by courts of civil appeals have held that, in such a suit, such liability of the defendant is a venue fact under Subdivision 14, and that in order to sustain the court's jurisdiction where the suit is pending against the defendant's plea of privilege, the plaintiff, in addition to proving the land is located in the county where the suit is pending, must prove, at least prima facie, that defendant is liable for the damages. Talco Asphalt & Refining Co. v. McCann, Tex.Civ.App., 149 S.W.2d 150; Fordyce Gravel Co. v. Spring, Tex.Civ. App., 79 S.W.2d 1111; Hoover v. Horton, Tex.Civ.App., 209 S.W.2d 646. Unquestionably, the text of Texas Jurisprudence, Vol. 43, at page 863, supports defendant's position, where the following language is used: "Suit for Damages to Land. When the suit is for damages to land the proof is sufficient if it prima facie shows that damage was incurred through the acts of defendant or by his authority and that the land is located in the county."

The language of the following decisions by courts of civil appeals supports the action of the trial court here. Cox v.

Chapa, Tex.Civ.App., 188 S.W.2d 217; Holmes v. Jackson, Tex.Civ.App., 200 S. W.2d 276; Tennessee Gas & Transmission v. Heard, Tex.Civ.App., 190 S.W.2d 518; Ross v. Martin, Tex.Civ.App., 225 S.W.2d 220; Longhorn Trucks v. Bailes, Tex.Civ. App., 225 S.W.2d 642. On the last two cases, the Supreme Court refused applications for leave to file petitions for writs of mandamus against the courts of civil appeals, and plaintiffs have made the Supreme Court records here available. But we do not rest our decision upon said records.[1] The defendant has undertaken to distinguish the cases so cited by plaintiffs, and has requested this Court to consider the records in two of the cases which were before the courts of civil appeals, so that this Court may go back of such holdings, and determine from the records before such courts, that they used broader language than the records before them justified.

We deem it a more rewarding labor to determine what are the venue facts necessary to be pled and proved in order to bring the case within Subdivision 14 from the rulings made in Compton v. Elliot, 126 Tex. 232, 88 S.W.2d 91, and Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, than from a review of the aforesaid decisions from courts of civil appeals, the correctness of which must be determined at last from the rulings made in Compton v. Elliot, and the Maples case.

To the general provision of Article 1995, that no inhabitant of this state shall be sued out of the county of his residence, Subdivision 14 provides the exception "Lands.—Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie."

Thus the language of Subdivision 14

---

1. The labor involved in reviewing records of the action of the Supreme Court in cases where it has refused to permit the filing of applications for writs of mandamus is not inconsiderable, and the question of whether the Court refused such extraordinary relief because of the state of the law or the state of the record is seldom, if ever, spelled out in a written opinion. Manifestly, the precedential value of such actions is less even than that of a "N. R. E." refusal of an application for writ of error, which invokes the court's appellate jurisdiction as a matter of right.

makes the nature of the suit one of the venue facts necessary to be proved, and the location of the land in the county where the suit is pending another venue fact. Upon oral argument, defendant admitted that, where the object of the suit was one for recovery of land, that the proof of the necessary venue facts under Subdivision 14 would be satisfied (1) by affirmative proof of the location of the land in the county where the suit is pending, and (2) by the allegations contained in plaintiffs' petition. But defendant insists that, where the nature of the suit is one for damages to land, Subdivision 14 makes the truth of the allegations as to such damages, and the liability of defendant therefor, venue facts.

There is nothing in the language of the Subdivision which, in terms, makes the *proof* of the allegations as to damages to land, and the liability of the defendant therefor, venue facts. The Subdivision merely provides that if the suit is of the nature of one for damages to land, it must be tried in the county where the land is located. In the Stockyards National Bank case, it was held that where the nature of the suit was a venue fact under a subdivision, it could be proved only by the allegations of plaintiff's petition. In said case, the court held that the liability of the resident defendant was not made a venue fact by the terms of Subdivision 4, but that from an early date proof of such liability, as a venue fact, has been engrafted upon the subdivision by judicial construction.

However, the court held that, literally, under the rule of Compton v. Elliot, such liability of the resident defendant was not a venue fact under Subdivision 4. The Supreme Court has never engrafted upon Subdivision 14 the rule, that in suits for recovery of damages to land, the truth of the allegations as to damages to the land, or as to defendant's liability therefor, is a venue fact. In the Stockyards National Bank case, the Supreme Court reuttered the rule that the issue raised by the plea of privilege and the controverting affidavit is venue, not liability.

■ Since the only venue facts required to be pled and proved to bring the venue of suits for recovery of damages to land within Subdivision 14, are by its terms (1) the nature of the suit, and (2) the location of the land in the county where the suit is pending, the court properly so held, and declined to require or permit the question of liability to be inquired into.

The determination of defendant's second point is more doubtful, made so in part perhaps by the length of plaintiffs' petition. In his second point, defendant asserts that plaintiffs' pleadings showed that plaintiff Clark had no interest or estate in the land, and so his suit is not one for damages to land, and therefore does not come within Subdivision 14. Manifestly, if the allegations of plaintiffs' petition, as to the plaintiff Clark, and the damages he seeks, bear out this assertion, defendant's plea of privilege as to plaintiff Clark should be sustained. In other words, if plaintiffs' petition shows that plaintiff Clark has no interest in the land, and only owned an interest in the growing crops, and only suffered damages in diminished profits, then Subdivision 14 would not apply as to him. Knight v. Houston & T. C. Ry. Co., 93 Tex. 417, 55 S.W. 558; City of Mineral Wells v. McDonald, Chief Justice, 141 Tex. 113, 170 S.W.2d 466.

The allegations of the petition clearly state that plaintiff Harrison owns a ten year leasehold interest in the land. The following allegations of plaintiffs' petition are quoted literally: "On or about February 1, 1949, Plaintiffs Harrison and Clark made and entered into a partnership agreement for the purpose of farming said lands in rice during the year 1949. Under such agreement, the Plaintiff Clark furnished and contributed the sum of Five Thousand Dollars ($5,000) in cash for the partnership purposes, together with his services in planting, raising, producing and harvesting the rice crop on said lands and was to share equally with the Plaintiff Harrison one-half (½) of the rice produced and harvested. The Plaintiff Harrison was to receive the other one-half of such rice for furnishing the land, seed and water in con-

nection with the farming operations of the partnership. Plaintiffs Harrison and Clark, during the Spring of the year 1949, carefully prepared 360 acres of said land for rice farming and built storage reservoirs, irrigation canals, levees, flumes and other installations necessary in farming rice in the best and most approved manner in said area. The cost and reasonable value of such improvements and installations was not less than Seven Thousand Five Hundred Dollars ($7,500.00)."

It thus appears from the allegations that by the partnership agreement, plaintiff Harrison contributed to the community estate of the partnership, for the duration of the partnership, his leasehold estate in the land. So it appears from said allegations that, for the term of the partnership, Clark had an interest in the leasehold estate, as a part of the partnership community.

The trial court did not consider the evidence of the truth of the allegations in order to determine whether the nature of the suit required it to be brought in the county where the land lies, and we have ruled that such action was correct.

We overrule defendant's second point. The judgment is affirmed.

### On Appellant's Motion for Rehearing.

We have concluded that the pleadings of appellees (plaintiffs) show that plaintiff Clark had no interest in the land, but that he only owned an interest in the growing crops, and that he was suing to recover damages for diminished profits or the diminished value thereof. The partnership between appellee Harrison and appellee Clark was in the nature of a joint enterprise, to share the profits made therefrom. We think that it does not affirmatively appear that the parties intended that the ten-year lease should form a part of the assets of the partnership. It is stated in 20 R.C.L. 854, "In all cases the presumption is against the inclusion of the real estate, and in order that it may be treated as belonging to the partnership the intention must be clearly manifested." See also Vol. 1, Am.Lead.Cas. 496. See also Beaumont Rice Mills v. Bridges, 45 Tex.Civ.App. 439, 101 S.W. 511 (writ refused).

The court should have sustained the plea of privilege as to plaintiff Clark's suit, and ordered the case transferred, as to him, to the District Court of Dallas County, where defendant (appellant) resides. Grimes et al. v. McCrary et al., Tex.Civ.App., 211 S.W.2d 1005, 1007. Accordingly it is now ordered that as to plaintiff Clark, the cause be transferred to the District Court of Dallas County.

The original opinion has been corrected so as to include the line from plaintiff's pleading which was dropped in copying.

Except as herein granted, appellant's motion for rehearing is refused.