### STEPHENVILLE PRODUCTION CREDIT ASS'N v. ROCKWELL et al.

No. 2945.

Court of Civil Appeals of Texas.
Eastland.

June 27, 1952.

C. O. McMillan, W. J. Oxford, Stephenville, for appellant.

Borden Seaberry, Weatherford, Sam M. Russell, Stephenville, for appellees.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. Suit was brought in the District Court of Comanche County by D. Rockwell and J. J. Arms, against Stephenville Production Credit Association, a corporation. Defendant filed a plea of privilege to be sued in Erath County, where its principal office was located. The plea was duly controverted by plaintiffs and after a hearing, was overruled.

The plea of privilege was properly overruled under the provisions of Exception 14 of Art. 1995, Vernon's Annotated Civil Statutes of Texas, which provides:

"Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie."

The venue facts under subdivision 14 are: (1) that the nature of the suit must come within the exception, and (2) the land must be situated in the county in which the suit is filed. The evidence shows without question that the land involved is located in Comanche County. The question of whether the nature of the suit comes within the terms of the exception is determined by the allegations of the plaintiff's petition. Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217; Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688. Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518; Phipps v. Reed, Tex.Civ. App., 219 S.W.2d 561; Ross v. Martin, Tex.Civ.App., 225 S.W.2d 220; Perfecto Gas Co. v. State, Tex.Civ.App., 228 S.W.2d 918; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; O'Quinn v. Dunagan,

Tex.Civ.App., 227 S.W.2d 366; Tex.Jur., pages 846, 862.

 Plaintiff's petition alleged ownership of the land in question by appellee, D. Rockwell, and that:

"Plaintiffs would further show to the court that the ranch was in a very dry condition and thereon grass ranging from the height of six inches to two feet; that said fire caused by the acts and ommissions of the defendant, it's partner, agent, servant, and employee herein, completely destroyed 400 acres of grass including the roots thereof to the damage of $10.00 per acre to these plaintiffs, which said sum will cover the cost of buying the seed and replacing the range along with the loss of grazing pasture in the aggregate sum of $4,000.00; that said fire destroyed and caused to be destroyed 2.5 miles of fence, being a fence constructed of cedar posts, barb and net wire, the reasonable cost therefore being in the sum of $800.00 per mile including the cost of the post, wire and labor, or a total damage to the fence of $2,000.00, making a total and aggregate sum to plaintiffs damage in the sum of $6,000.00 for which they sue for herein."

It appears from the above allegations of plaintiff's petition that the suit seeks recovery for damages for the destruction and burning of grass roots and fencing. A part of the damage alleged and for which recovery is sought is damage to "grass roots" and "2.5 miles of fence * * * constructed of cedar posts." "Grass roots" and "fence posts set in the land" constitute a part of the land and injury thereto is injury to the land. An action to recover damages for such injury is an action for damages to land and comes within the perview of exception 14. Fort Worth & N. O. R. Co. v. Wallace, 74 Tex. 581, 12 S.W. 227; Wilson v. Pecos & N. T. Ry. Co., 23 Tex.Civ.App. 706, 58 S.W. 183; Knight v. Houston & T. C. R. Co., 93 Tex. 417, 55 S.W. 558; Sims v. Trinity Farm Construction Co., Tex.Civ.App., 28 S.W.2d 856.

It thus appears that the venue facts required for compliance with subdivision 14

have been proved. The nature of the suit as shown by plaintiffs' petition is one for "damage to land," and the evidence shows that the land in question is located in Comanche County where suit was filed. It is immaterial that the allegations of plaintiffs' petition also sought damages for injuries other than for injury to land. Cox v. Chapa, supra.

Since venue lies in Comanche County under exception 14, contentions concerning the applicability of other exceptions under the venue statute need not be discussed.

The judgment is affirmed.