**ADVANCED EXPLORATION CO., Inc. v. SPIRES.**

**No. 2992.**

Court of Civil Appeals of Texas. Eastland.

Feb. 20, 1953.

248

Bill Charlton, Wagstaff, Harwell, Wagstaff & Alvis, Abilene, for appellant.

Oliver H. Otto, Jackson, Blanks & Logan, San Angelo, for appellee.

LONG, Justice.

Appellee, L. R. Spires, instituted this suit against appellant, Advanced Exploration Company, Inc., a corporation, with its principal office and place of business in Houston, Harris County, Texas, for damages which are alleged to have resulted from the drilling of a hole in the bed of an artificial tank on appellee's land by appellant and from the setting off of an explosion by appellant in said hole. Appellant filed a plea of privilege which was controverted by appellee. Appellee relied upon Subdivisions 9, 14 and 23 of Article 1995, Vernon's Annotated Revised Civil Statutes to hold venue in Nolan County. From an order overruling the plea of privilege, appellant has appealed.

The trial court filed the following findings of fact and conclusions of law:

"Findings of Fact

"1. I find from the evidence that plaintiff's petition and controverting affidavit introduced into evidence in this cause show that such cause is a suit for damages to lands situated in Nolan County, Texas, the county in which said suit was filed.

"2. I find from the evidence that plaintiff's uncontroverted evidence shows that Survey 89, Block 1-A, H. & T. C. R. R. Co., Nolan County, Texas, the land alleged in plaintiff's petition and controverting affidavit to be damaged is in fact situated in Nolan County.

"Conclusions of Law

"1. I conclude that venue in the above entitled and numbered cause lies in Nolan County, Texas, because this suit is for recovery of damages to lands situated in Nolan County, Texas, and by reason thereof an exception to exclusive venue in the county of defendant's domicile exists under Subdivision 14 of Article 1995, Texas Revised Civil Statutes (1925)."

Appellant relies for a reversal of this case upon the following points of error:

"First Point: The error of the Court in overruling appellant's plea of privilege; since appellee, at the hearing of the plea of privilege, failed to affirmatively prove that the acts, alleged by appellee in his petition to have caused appellee's damage, were committed by appellant or under his authority.

"Second Point: The error of the Court in overruling appellant's plea of privilege, since appellee failed to offer any proof at the hearing of the plea of privilege which would show a probability, at least, that the appellant, or its authorized agents, servants or employees, committed the acts complained of in appellee's original petition.

"Third Point: The error of the Court in overruling appellant's plea of privilege since the appellee, upon the hearing of the plea of privilege, offered no evidence which showed, or would tend to show, some connection between appellant, its authorized agents or employees, and the acts complained of in appellee's original petition."

We find no merit in any of these points. It is our conclusion that the trial court made the correct conclusion of the law as applicable to this case. Appellant introduced in evidence his petition and controverting affidavit which disclosed that his suit was for damages to lands situated in Nolan County, Texas. The evidence was uncontroverted that the lands described in plaintiff's petition and in the controverting affidavit were, in fact, situated in Nolan County, Texas. By making this proof, appellee met the burden required of him un-

der the law to maintain venue in Nolan County under Section 14, Art. 1995, Vernon's Annotated Revised Civil Statutes. Ross v. Martin, Tex.Civ.App., 225 S.W.2d 220 (Mandamus overruled); Longhorn Trucks, Inc., v. Bailes, Tex.Civ.App., 225 S.W.2d 642 (Mandamus overruled); Pickens v. Harrison, Tex.Civ.App., 231 S.W. 2d 812; Cree v. Cluck, Tex.Civ.App., 246 S.W.2d 337; Stephenville Production Credit Ass'n v. Rockwell, Tex.Civ.App., 250 S.W.2d 476; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

The judgment of the trial court is affirmed.