R. C. HALL et al., Appellants,

v.

**H. P. PIWONKA et al., Appellees.**

No. 7154.

Court of Civil Appeals of Texas.

Amarillo.

April 23, 1962.

Rehearing Denied May 28, 1962.

Billy Hall, Littlefield, Huff & Bowers, Lubbock, for appellants.

Calloway Huffaker and Harold Green, Tahoka, for appellees.

NORTHCUTT, Justice.

H. P. Piwonka et al., as plaintiffs, brought this suit in Lynn County, Texas against R. C. Hall et al. as defendants, contending the defendants wrongfully diverted the natural flow of surface water and thereby caused the water to flow upon the lands of the plaintiffs and greatly damaging their lands. The defendants filed their plea of privilege asking that the case be transferred to Lubbock County, the place of their residence, and contending there was no exception to exclusive venue in the county of one's residence. The plaintiffs filed their controverting plea to the plea of the defendants and, among other matters, alleged that this was a suit for the recovery of damages to the land, which land was located in Lynn County, Texas, and that the Court in Lynn County had jurisdiction by virtue of Subdivision 14 of Art. 1995, Vernon's Ann. Tex.St. Plaintiffs, in their controverting plea, besides setting out Subdivision 14, also set out Subdivision 29a, 9 and 4 of Art. 1995, V.A.T.S. The trial court overruled the defendants' plea of privilege, and from that order the defendants perfected this appeal. For convenience, the defendants will hereafter be referred to as appellants and the plaintiffs as appellees.

Since we are of the opinion under this record that this case is controlled by Subdivision 14 of Art. 1995, we will not consider the other Subdivisions any further. Subdivision 14 of Art. 1995 is as follows:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove encumbrance upon the title to land, or to quiet the title to land, or to prevent or stay waste to lands, must be brought in the county in which the land, or part thereof, may lie."

The plaintiffs introduced in evidence their petition and controverting affidavit which disclosed that their suit was for damages to the lands situated in Lynn County, Texas. The controverting affidavit was sworn to and the original petition was referred to and made a part of said affidavit for all purposes, the same as if the original petition was copied in full in the affidavit. There was testimony as to damages to the land and also as to land being in Lynn County, and since the trial court overruled the plea of privilege, we must assume the court held the land, or a portion thereof, was in Lynn County. We are of the opinion there was sufficient evidence to sustain the holding of the trial court in overruling defendants' plea of privilege. It was held in the case of Advanced Exploration Co., Inc. v. Spires, 256 S.W.2d 247 as follows:

"It is our conclusion that the trial court made the correct conclusion of the law as applicable to this case. Appellant introduced in evidence his petition and controverting affidavit which disclosed that his suit was for damages to lands situated in Nolan County, Texas. The evidence was uncontroverted that the lands described in plaintiff's petition and in the controverting affidavit were, in fact, situated in Nolan County, Texas. By making this proof, appellee met the burden required of him under the law to maintain venue in Nolan County under Section 14, Art. 1995, Vernon's Annotated Revised Civil Statutes. Ross v. Martin, Tex.Civ. App., 225 S.W.2d 220 (Mandamus overruled); Longhorn Trucks, Inc. v. Bailes, Tex.Civ.App., 225 S.W.2d 642 (Mandamus overruled); Pickens v. Harrison, Tex.Civ.App., 231 S.W.2d 812; Cree v. Cluck, Tex.Civ.App., 246 S.W.2d 337; Stephenville Production Credit Ass'n v. Rockwell, Tex.Civ. App., 250 S.W.2d 476; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69."

The Supreme Court held in the case of Piazza v. Phillips et al., 153 Tex. 115, 264 S.W.2d 428, as follows:

"The correct rule is that stated in Advanced Exploration Co., Inc. v. Spires, Tex.Civ.App., 256 S.W.2d 247, no writ history, and those cases therein cited as authority for its holding."

The judgment of the trial court is affirmed.