**PETROLEUM PROCESSING, INC.,**
**Appellant,**

v.

**Ronal J. ROEMER, Appellee.**

**No. 127.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 4, 1965.

Rehearing Denied Dec. 2, 1965.

Keys, Russell, Watson & Seaman, Ben A. Donnell, Corpus Christi, for appellant.

Guittard, Henderson & Jones, O. F. Jones, Victoria, for appellee.

NYE, Justice.

This is an appeal from an order overruling defendant's plea of privilege. Suit was brought by plaintiff Roemer in the District Court of Calhoun County against Petroleum Processing, Inc., a Texas corporation. Defendant filed a plea of privilege to be sued in Nueces County, where its principal office was located. Plaintiff filed a controverting affidavit alleging that venue properly lay in Calhoun County under subsections 9, 9a, 14 and 23 of Article 1995, Vernons Ann.Tex.Civ.St. The controverting affidavit was sworn to and the original petition was referred to and made a part of the affidavit for all purposes.

The plaintiff introduced his petition in evidence, which disclosed that the nature of his suit was one for damages to the plaintiff's land and his growing crops. The original petition alleges that the defendant's plant was located on land adjacent to the plaintiff's farm; that the defendant operated a natural gasoline processing plant, the purpose of which was to extract certain by-products from the natural gas. Plaintiff plead various acts of negligence on behalf of the defendant in the operation of its plant, alleging among other things that due to the negligence of the defendant in the design, operation and maintenance of the plant, it resulted in the release of toxic and chemical products which were the direct cause of damages suffered by the plaintiff to his growing cotton crops and damage to the plaintiff's land. Among the various acts of negligence plaintiff alleges that the defendant was negligent in permitting the discharge of oil and chemically impregnated waters to flood the rows of cotton of plaintiff's field from plant discharges on four separate occasions. Other acts of negligence were alleged which plaintiff claimed were the cause of the resulting damage to his land and crops and which materially and unreasonably interfered with the use and enjoyment of his property. Plaintiff alleged and described his lands in his petition as being situated in Calhoun County, Texas.

Sub-section 14 of Article 1995, V.A.T C.S., provides:

"14. Lands.—Suits for the recovery of lands or damages thereto * * *, *must* be brought in the county in which the land, or a part thereof, may lie."

The venue facts which plaintiff had the burden to establish under this subdivision were: (1) that this was a suit for damages to land and, (2) that the land, or a part thereof, lay in Calhoun County. Cowden v. Cowden, 143 Tex. 446, 186 S.W. 2d 69, Sup.Ct.1945; Piazza v. Phillips, et al, 156 Tex. 115, 264 S.W.2d 428, Sup.Ct. 1954; Advanced Exploration Co., Inc. v. Spires, Tex.Civ.App., 256 S.W.2d 247.

The plaintiff did not seek any injunctive relief, but claimed damages to his land in the amount of $50 per acre on 110 acres for a total loss of value of $5500; damages to his crops in the amount of $8261; and exemplary damages in the amount of $10,000

for the invasion of plaintiff's rights and denial of the full use and peaceful possession and enjoyment of his property. At the hearing on the plea of privilege, the evidence was uncontroverted that plaintiff's land described in his petition was in fact situated in Calhoun County, Texas. The allegations of plaintiff's petition unquestionably show that the nature of this suit was, in part, one for the recovery of damages to the land. Hunt Oil Company v. Murchison, 352 S.W.2d 365, Tex.Civ.App. 1961; Hall v. Piwonka, 357 S.W.2d 486, Tex.Civ.App.1962; Wynne v. Freiley, 349 S.W.2d 734, Tex.Civ.App.1961; Stephenville Production Credit Ass'n v. Rockwell, et al., 250 S.W.2d 476, Tex.Civ.App.1952.

Appellant contends that the principal relief sought was the recovery for the value of the growing crop of cotton, a relief not within the provision of sub-section 14. Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706, 1957; W. B. Johnson Drilling Company v. Lacy, 336 S.W.2d 230, Tex.Civ.App.1960; and that a suit for damages to growing crops is not an action for damages to land within the meaning of sub-section 14 of Article 1995. Stull's Chemicals, Inc. v. Davis, 263 S.W.2d 806, Tex.Civ.App.1953, and Stanolind Oil & Gas Company v. Smith, 290 S.W.2d 696, Tex.Civ.App.1956. In the Brown v. Gulf Television Company case, the Supreme Court said:

"Where the venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof." (citing cases).

"The existence of a certain set of facts may entitle a litigant to a choice between the legal and equitable remedies and it may seem that no venue distinction between the remedies should logically be drawn if convenience of trial for litigants and witnesses be the true basis of the venue exception, but the Legislature has expressly provided

a special venue for injunction suits and in cases where the plaintiff alleges that he has no adequate remedy at law and hence is entitled to and requests injunctive relief, it would seem that he chooses the equitable remedy as and for his primary relief. The venue of the suit is consequently controlled by Article 4656 rather than Article 1995, § 14." (citing cases).

It is true that the plaintiff sought damages to a growing crop which for the purpose of the venue statutes is considered personal property. If this was the only damage claimed, plaintiff would have to rely on some other permissible venue exception. However, the nature of plaintiff's suit and the relief sought was, in part, one for damages; damages to plaintiff's land; and damages caused by the denial of the peaceful possession and enjoyment to his land. It is immaterial that the allegations of plaintiff's petition also sought damages for injuries to the growing crops rather than damages exclusively for injury to the land. Cox v. Chapa, 188 S.W.2d 217, Tex.Civ.App.1945; Stephenville Production Credit Ass'n v. Rockwell, et al., supra (see cases cited therein); Ward & McCullough v. Mobley, 250 S.W.2d 948, Tex.Civ.App.1952; Wagner v. Pulliam, 361 S.W.2d 470, Tex.Civ.App.1962, and cases cited therein; Pickens v. Harrison, et al., 231 S.W.2d 812, Tex.Civ.App.1950. It is well settled that exception 14 of the venue statute is mandatory where the privilege is properly claimed and where the suit falls within its terms, and it prevails over permissive exceptions of the Venue Statute. Langdeau v. Burke Investment Company, 163 Tex. 526, 358 S.W.2d 553, 1962.

We are of the opinion under the record, that this case is controlled by sub-section 14 of Article 1995. Appellant's Point No. 4 is overruled.

Plaintiff contended that exceptions to the venue statute under subdivisions 9, 9a, and 23 were proved at the hearing on defendant's plea of privilege. We have

carefully read the entire statement of facts and hold that the plaintiff-appellee did not sustain the burden of proof necessary under the law. There was no evidence that the negligence of the defendant, if any, was the proximate cause of the damages to the plaintiff's growing crops. However, when more than one exception to the general venue statute is relied on to confer jurisdiction in the county where the suit is brought, establishment of any ground obviates the necessity of proof that others exist. Central Motor Co. v. Roberson, 139 S.W.2d 287, Tex.Civ.App.; American Seed Co. v. Wilson, 140 S.W.2d 269, Tex.Civ.App.; Stripling v. Hoing, 203 S.W.2d 1016, Tex. Civ.App.; 60 Tex.Jur.2d § 204, page 509.

The judgment of the trial court is affirmed.