**FIRST NATIONAL BANK OF YORK-TOWN et al., Appellants,**

v.

**W. M. PICKETT and Royce B. Springfield, Appellees.**

No. 1156.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 31, 1977.

Larry J. Hysinger, Wyckoff, Eikenburg, Dunn & Frazier, Ragan, Russell & Rorschach, Houston, for appellants.

W. S. Fly, Victoria, for appellees.

## OPINION

NYE, Chief Justice.

This is a venue case. Plaintiffs, W. M. Pickett and Royce B. Springfield, filed suit

in DeWitt County against ten defendants: First National Bank of Yorktown; the bank's president, M. W. Haun; the bank's former president, Lou Gips; Robert B. Eyhorn; Harold N. Lane; and the five appellants in this cause, Paul Sharkey, A. S. Cutchin, Charles McCarver, Michael Walters and Dwight Nichols. Appellants Sharkey, Cutchin, McCarver and Walters each filed a plea of privilege to be sued in the county of their residence, Harris County. Appellant Nichols filed a plea of privilege to be sued in Stephens County. The plaintiffs controverted each of these pleas claiming venue under Subdivisions 4, 14 and 29a of Art. 1995, Tex.Rev.Civ.Stat.Ann. (1964). (subdivision 29a was later abandoned). The trial court overruled the pleas of privilege and sustained venue in DeWitt County. Appellants have timely perfected their appeal to this Court.

Plaintiffs' alleged cause of action arose out of the sale of a 522 acre tract of land located in DeWitt County. By deed dated July 22, 1974, the appellants (all five of them), conveyed the land in question to the plaintiffs. The financing of the purchase was complicated. The First National Bank of Yorktown held a first lien on the property prior to the sale. Plaintiffs borrowed an additional $100,000 from the bank which retained its first lien on the property. Simultaneous with the execution of the $100,000 note in favor of the bank, the plaintiffs executed a second vendor's lien note payable to defendant, Harold N. Lane, for $91,404.37. At the same time the plaintiffs also executed five third lien notes each in the principal sum of $32,926.59 payable to each of the five appellants. Several days after the closing of the real estate transaction, the plaintiffs were notified by the bank that there were two outstanding judgment liens against the land and therefore the property was subject to foreclosure. This action forced plaintiffs to purchase the outstanding judgment liens for $34,373.90 and refinanced the purchase through the Victoria Savings and Loan Association.

Plaintiffs brought suit on two counts. Plaintiffs' first count was against the five appellants for breach of their warranty of good and marketable title warranted in the deed which transferred title to the property. Plaintiffs' second count was against all ten defendants including the five appellants for willful and fraudulent actions. Although the plaintiffs' petition fails to elaborate on the willful and fraudulent activities that the defendants engaged in, apparently their complaint is in failing to inform the plaintiffs of the outstanding liens for which the plaintiffs sought recovery.

 Through various points of error all five appellants complain of the action of the trial court in denying their pleas of privilege under exceptions 4 and 14 to Art. 1995. There are certain rules which govern the Court's action in considering a venue case. Venue must be established by affirmative evidence and not by implication. *Burtis v. Butler Bros.,* 148 Tex. 543, 226 S.W.2d 825 (1950); *Saigh v. Monteith,* 177 Tex. 341, 215 S.W.2d 610 (1948). A defendant's right to be sued in the county of his residence is a valuable right and should never be denied except upon clear and convincing proof that the alleged cause of action comes within an exception to Art. 1995. *City of Mineral Wells v. McDonald,* 141 Tex. 113, 170 S.W.2d 466 (1943); *National Life Co. v. Rice,* 140 Tex. 315, 167 S.W.2d 1021 (1943); *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Neuhaus v. Daniels,* 430 S.W.2d 906 (Tex.Civ.App.—Amarillo 1968, writ dism'd). Where an equal doubt between the defendant's right to be sued in his home county and an exception to this right exists, the doubt must be resolved in favor of the defendant's right. *Goodrich v. Superior Oil Co.,* 150 Tex. 159, 237 S.W.2d 969 (1951); *A. H. Belo Corporation v. Blanton,* 133 Tex. 391, 129 S.W.2d 619 (1939). In order to defeat a defendant's plea of privilege, the burden is on the plaintiffs to allege and prove by a preponderance of the evidence that the case comes within one of the exceptions to the venue statute. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (Comm'n of Appeals, opinion adopted 1935); *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.,* 518 S.W.2d 257 (Tex.Civ. App.—Corpus Christi 1974, no writ).

■ Subdivision 4 to Art. 1995 provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. Under this Subdivision, where there are resident and non-resident defendants, it has long been the rule that in order to maintain venue in the county of the resident defendant, the plaintiff is required to: (1) plead and prove that one of the defendants is a resident of the county of suit; (2) plead and prove a cause of action against the resident defendant; and (3) allege a joint cause of action against the non-resident defendant or a cause of action against the resident defendant so intimately connected with his cause of action against the non-resident defendant as that they are properly joinable to prevent multiplicity of suits. The plaintiffs did not meet the requirements of this rule.

■ Plaintiffs' only pleading against all the defendants is found in paragraph IV of their first amended original petition which reads as follows:

"Because of the willful and fraudulent action of the Defendant above named and each of them, these Plaintiffs have been damaged in the sum of Thirty-four Thousand Three Hundred Seventy-three and 90/100 Dollars ($34,373.90), and have further been damaged in the development of said 522 acre tract of land in an additional sum of Fifty Thousand Dollars ($50,000.00)."

This pleading cannot, by even the most liberal of constructions, be construed as sufficient to allege a cause of action sounding in fraud. None of the requisite elements are plead save the final element of damages. Assuming, arguendo, that this pleading, absent an exception, was sufficient to apprise the resident and non-resident defendants of a cause of action that could be maintainable in DeWitt County, Texas as to all defendants, there was no evidence of such fraudulent action offered at the hearing. First the plaintiffs were required to allege and prove that this fraudulent wrong was committed by the resident and non-resident defendants in such a way that the

cause of action was properly joinable. This they failed to do. Reviewing all of the evidence and reviewing the evidence in the light most favorable to the plaintiffs as we are required to do, the evidence shows only that Robert Eyhorn prepared the closing documents at the request of the bank and that he did not tell them about the two outstanding judgments against the property. This falls short of being sufficient to establish a cause of action for actionable fraud with all of its necessary essential elements. Plaintiff Pickett admitted in his testimony that the financing and closing arrangements involved were conducted independently of the five appellants.

It appears to us that the plaintiffs have two separate causes of action against two separate groups of defendants. The first is some type of action against the bank, its officers and attorney for fraud or negligence. The second, and totally separate from the first, is a cause of action for breach of warranty against the five grantors of the land. Therefore if the trial court overruled the appellants' pleas of privilege under Subsection 4, it was in error.

■ Subdivision 14 to Article 1995 states that suits for the recovery of land, or for damages to land, or to remove encumbrances upon title to land, or to quiet the title to land, must be brought in the county where the land may lie. The venue facts which the plaintiffs must establish under this subdivision are: 1) that the suit is of the type specified under this subdivision and 2) that the land or a part thereof is located in DeWitt County. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1954); *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945); *Petroleum Processing, Inc. v. Roemer,* 396 S.W.2d 528 (Tex.Civ. App.—Corpus Christi 1965, no writ).

■ In determining venue, it remains for this Court to determine the nature of the suit solely from the facts alleged in the plaintiffs' petition, the rights asserted and the relief sought. *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774 (1955); *Edgar v. Bartek,* 507 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1974, writ

dism'd). The ultimate or dominant purpose of the suit determines whether or not a suit falls under Subdivision 14. *Edgar v. Bartek*, supra; *Morgan v. Box*, 449 S.W.2d 499 (Tex.Civ.App.—Dallas 1969, no writ); *Texaco, Inc. v. Gideon*, 366 S.W.2d 628 (Tex.Civ.App.—Austin 1963, no writ).

The pivotal question here is whether or not a suit to recover for breach of the warranty contained in the warranty deed comes within Subdivision 14. Does such a suit constitute a suit for the recovery of title to land, to remove an encumbrance to the land, to quiet title to the land or to prevent waste to the land? We think not. We hold that such a suit is not so intimately connected with the land itself so as to bring it within the mandatory provisions of Subdivision 14. The only case in which we could find that has discussed this question is *Thomas v. Ellison*, 110 S.W. 934 (Tex.Civ.App.—1908), mod. & aff'd, 102 Tex. 354, 116 S.W. 1141 (1909). A headnote in the first decision (110 S.W. 934) seems to indicate that venue for breach of a covenant of warranty is properly brought in the county where the land was located. However, a careful reading of the opinion reveals that the court was sustaining venue in the county where the land was located because of the plaintiff's pleadings of fraud and deceit and the fact that the defendant had waived his privilege to be sued in the county of his residence. The court really does not discuss the breach of warranty allegation. The Supreme Court, in modifying and affirming the judgment of the Court of Civil Appeals, stated that venue was proper where the land was located because that was where the alleged fraud occurred. The Supreme Court does not even discuss recovery based on a breach of the warranty.

Due to the mandatory nature of Subdivision 14, courts have generally given this subdivision a strict construction and have refused to apply the exception unless the suit was clearly within one of the four delineated categories set out by the statute. See: *Bennett v. Langdeau*, 362 S.W.2d 952 (Tex.Sup.1962); *Brown v. Gulf Television Company*, 157 Tex. 607, 306 S.W.2d 706 (1957); *Smith v. Hall*, 147 Tex. 634, 219 S.W.2d 441 (1949); *Harwood v. Hunt*, 473 S.W.2d 287 (Tex.Civ.App.—Beaumont 1971, no writ); *Weaver v. Acme Finance Company*, 407 S.W.2d 227 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Petroleum Processing, Inc. v. Roemer*, 396 S.W.2d 528 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Madeley v. Oualline*, 449 S.W.2d 352 (Tex.Civ.App.—Beaumont 1969, no writ); *Pickens v. Langford*, 270 S.W.2d 285 (Tex.Civ.App.—San Antonio 1954, no writ). If the trial court overruled the appellants' pleas of privilege under Subdivision 14, it was also in error.

Since Subdivisions 4 and 14 are the only exceptions under which the plaintiffs now claim that venue was maintainable in DeWitt County, the judgment of the trial court must be reversed and judgment here rendered transferring the cause as to appellants Sharkey, Cutchin, McCarver and Walters to Harris County and transferring the cause as to Nichols to Stephens County, Texas.

REVERSED AND RENDERED.