No. 2249.

R. H. McClanahan v. John G. Stephens and Wife.

Trespass—Damages.—One who purchased at tax sale a title to land which he was afterwards advised by legal counsel that he had acquired a good title to, sold it to another who cut timber thereon. In a suit brought by the real owner against the vendor, and also against his vendee who committed the trespass, to recover the land as well as damages for the trespass, *held:*

(1) The real owner could not maintain his action of trespass against the vendor unless it appeared that he acted in concert with his vendee in the illegal act, or that injury was the natural and proximate result of some act done by them.

(2) Though the vendor knew that the vendee was engaged in the lumber business, and may have supposed that he purchased the land in order to cut timber from it, the sale alone was not the proximate cause of the injury.

Appeal from San Jacinto. Tried below before the Hon. Norman G. Kittrell.

*Hill & Corry,* for appellant, cited 6 Wait's Actions and Defenses, 44; 1 Addison on Torts, page 13, section 11; Saunders v Baker, 2 W. Blackstone, 832; Cate v. Cate, 44 New Hampshire, 211; 2 Wait's Actions and Defenses, 434; Id., 440, 441, 442, 443, 444; 6 Wait's Actions and Defenses, 47, 48.

Joint trespassers: 1 Addison on Torts, section 422, note 1 (citing Hubbard v. Hunt, 41 Vermont, 376; Leach v. Francis, Id., 670; Echols v. Staunton, 3 West Virginia, 574; Berry v. Fletcher, 1 Dill, N. S., 67); 6 Wait's Actions and Defenses, p. 54, section 2 (citing Williams v. Sheldon, 10 Wend., 654; McIntyre v. Green, 36 Ga., 48; Vosburg v. Moak, 1 Cush., 453; Williamson v. Fischer, 50 Mo., 198); 6 Wait's Actions and Defenses, 59.

Appellant's counsel also filed an able and exhaustive printed argument.

No briefs are on file for appellees.

Stayton, Associate Justice. The appellants sold to Montgomery & Co., a tract of land from which the latter cut timber, and this action was brought, not only to recover the land, but to

recover from the appellants as well as the persons who composed the firm of Montgomery & Co. damages for such cutting.

The charge of the court was such as to induce the jury to believe that, in the opinion of the court, there was evidence from which they might find the appellants liable for the value of the timber cut by Montgomery & Co.

There was no evidence tending to show that the appellants cut the timber, advised that it should be cut, or in any manner controlled or influenced the conduct of the persons who did cut it.

To render the appellants responsible for the injury it must be made to appear that some act of theirs was the efficient cause. The land belonged to the appellees; it was sold for taxes which they had failed to pay, and the mere purchase of it by the appellants was not a violation of any right. The appellants, however, did not acquire title by their purchase, but it is apparant from all the evidence in the case that they believed they had; they were so advised by persons learned in the law, and so believing sold the land to Montgomery & Co. Their sale to the persons who did cut the timber was not the efficient cause of the injury. The proximate cause of the injury was the act of their vendees, over which they had no more control after they sold than had they before.

It was held in Wall v. Osburn (12 Wendell, 40) and in Morgan v. Varick (8 Wendell, 594,) when persons sold personal property belonging to others and directed or requested their vendees to take possession of it and remove it, that this made the vendees trespassers. In Kolb v. Bankhead (18 Texas, 232) it was held that one who pointed out and sold to another timber standing on the land of a third person, which he had no right to sell, was responsible as a trespasser for a cutting by his vendee, which the vendor knew was intended when he sold. In those cases the sellers, in effect, directed the doing of the illegal act; themselves did it through the agency of other persons.

To render the appellants liable for the acts of their vendees, it must be made to appear that they acted in concert in doing the illegal act, or that the injury was the ordinary or natural result of some act which they did.

If they knew that their vendees were engaged in the lumber business, and even supposed that they purchased the land for the purpose of using the timber on it in their mills, it can not be said that the sale of the land made by them, of itself, would ordinarily or naturally bring about the result now complained of.

There is no law in force in this State which forbids the sale of land held by doubtful title, or of land adversely possessed by some other person, and such a sale can not be said to be illegal, when considered even in relation to one holding the possession or superior title, for it deprives such person of no right. One can not be said to be a trespasser by reason of having done some act not illegal in its nature. The charge given was calculated to mislead, and should not have been given.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 12, 1887.