## PATE v. WHITLEY. (No. 701.)

(Court of Civil Appeals of Texas. El Paso. June 7, 1917.)

1. SET-OFF AND COUNTERCLAIM ⬅29(2)—ACTION ON IMPROVEMENT CERTIFICATE—CROSS-ACTION.

Under Rev. St. 1911, arts. 1325, 1330, as to counterclaims, in action by contractor on improvement certificate, a cross-action for damages to defendant's property in the course of plaintiff's work was proper; it being a counterclaim directly incident to the improvement out of which plaintiff's cause of action arose, and the plaintiff, not the city, being the real party in interest.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 50.]

2. EVIDENCE ⬅31—JUDICIAL NOTICE.

Under Acts 33d Leg. c. 147, § 3, as to judicial notice of recorded city charter, due recording of the charter is prerequisite to taking of such judicial notice.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 40, 41.]

3. EVIDENCE ⬅31—JUDICIAL NOTICE.

Notwithstanding such statute, it is at least highly advisable that a copy of a city charter be offered in evidence in any case involving consideration thereof, since such charters may contain different provisions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 40, 41.]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by Frank Whitley against R. L. Pate. From judgment for plaintiff, defendant appeals. Reversed and remanded.

W. H. Penix, of Mineral Wells, for appellant. Ritchie & Cousins, of Mineral Wells, for appellee.

HIGGINS, J. Whitley brought this suit against Pate upon an improvement certificate issued by the mayor of the city of Mineral Wells to recover the sum of $70.58, with interest and attorney's fees and to foreclose an improvement lien declared by the board of commissioners of said city against a lot owned by Pate, abutting on Pecan street in said city. The certificate purports to evidence a special assessment for paving Pecan street by Whitley under a contract with the city, which assessment was declared a lien against said property and a personal charge and liability against Pate, due and payable to Whitley or his assigns for Pate's proportionate share of the cost of the paving. A further statement of its contents is not necessary to the conclusion reached herein.

A general denial was filed by Pate and special pleas not necessary to mention. He also filed a cross-action setting up that, while plaintiff was placing paving along his property and other property, he piled many barrels of asphalt on and along defendant's property, and smeared his fence with asphalt and permitted same to run in his yard, and took possession of his premises and used same for a period of two months, preventing defendant from renting the premises, to his damage in the sum of $50, the reasonable rental value, and that plaintiff damaged his fence in the additional sum of $15 and damaged the premises in the additional sum of $500, by permitting asphalt to run on the same and become smeared on the fence and house, and that the defendant had damaged the closets upon the premises in the further sum of $10.

An exception to the cross-action was sustained, and the same was dismissed. Judgment was thereupon rendered in Whitley's favor as prayed for. The ground of the sustained exception was:

"That same constitute no defense to his cause of action herein, for that they cannot be set up and pleaded in defense to a suit on a paving assessment; but, if the allegations therein contained are true and give rise to any liability on the part of plaintiff, they cannot be tried in this proceeding."

[1] The first error assigned relates to the action of the court with respect to the cross-

---

action and is well taken. The suit was to enforce a personal liability against Pate in Whitley's favor, arising out of the paving of the street upon which Pate's property abutted. The defendant's cross-action was a counterclaim arising in a tort committed by Whitley which was directly incident to and connected with the paving out of which Whitley's asserted cause of action arose. This being the case, Pate had the right to plead his counterclaim in bar of Whitley's suit. Articles 1325 and 1330, R. S. In reply to this assignment, appellee submits this counter proposition:

"A defendant in a suit based on an assessment for special improvement made by a municipality cannot set up a cross-action against the plaintiff, who was the contractor, and seek to recover damages for injury alleged to have been done to the property by the plaintiff during the construction of the improvement, for the reason that in such suits the municipality is the real party at interest, and the action brought for it, it being an action to recover money due to the municipality in the nature of a tax, and the contractor is only its collecting agent."

This counter proposition may be disposed of by the observation that Whitley was the real party at interest, and he was bringing the action for himself, and not for the municipality. That is plainly the nature of the suit, and the certificate expressly undertakes to evidence a special assessment of a "personal charge and liability against said owner due and payable to said Frank Whitley or his assigns." A basic premise of the counter proposition is false.

In order to pass upon the questions presented by the remaining assignments, we must be advised of the terms and provisions of the charter of the city of Mineral Wells and the law under which it is incorporated. The statement of facts consists simply of the certificate upon which the suit is based and the testimony of Paul Whitley, plaintiff's son and witness who testified:

"I assist my father in his business. I look after the collections, etc. I know the defendant in this case. I have presented him a bill for this certificate just offered in evidence here, several times. He has never paid any of it. I have employed the firm of Ritchie & Cousins to bring suit for me, and I have agreed to pay them an attorney's fee in the sum of $25. I think that a reasonable fee for their services."

Cross-examined by Mr. Penix, witness answered, "I am not an attorney."

The case was tried before the court, but no findings of fact were filed.

The petition alleges:

"That the city of Mineral Wells is a municipal corporation, duly incorporated and acting under and by virtue of a charter adopted by its citizens on the 19th day of August, 1913, pursuant to chapter 147, p. 306, Acts of the Thirty-Third Legislature of the State of Texas."

This is to be taken as true, in the absence of a sworn denial thereof by the defendant. Article 1822, R. S. But, if we can assume that it was incorporated under that law, that would not be sufficient to apprise the court of the terms and provisions of the charter

with reference to street paving as it was framed and adopted.

Section 3 of said act of the Thirty-Third Legislature provides that, upon the adoption of any charter thereunder, it shall be the duty of the mayor or chief executive officer, as soon as practicable after the adoption of such charter, to certify to the Secretary of State an authenticated copy, showing the approval by the qualified voters of any such charter, and that the Secretary of State shall thereupon file and record same in a book to be kept in his office for such purpose. That it shall be the duty of the city secretary of any such city, or other officer exercising like or similar powers, upon the adoption and approval of any such charter by the qualified voters, to record at length upon the records of the city, in a separate book to be kept in his office for such purpose, any such charter.

[2] Said section 3 then further provides that:

"When said charter * * * shall be recorded as hereinabove provided for, it shall be deemed a public act and all courts shall take judicial notice of same and no proofs shall be required of same."

As we construe this section, it means that the courts shall take judicial notice of the charter when it has been recorded as stated, and that no proof is necessary of the terms and provisions of the charter. We do not construe the statute as imposing judicial notice of the fact that the charter has been certified to the Secretary of State and that it has been by that officer filed and recorded and also recorded by the city secretary or other officer of the city exercising the powers of the city secretary. The Legislature surely did not intend that courts shall be charged with notice of facts of which they could not have knowledge without some evidence. We think it is a prerequisite to the taking of the judicial notice imposed by the act that the charter shall have been certified to the Secretary of State and shall have been recorded by that officer and shall also have been recorded by the city secretary or other officer exercising like or similar powers, and that there must be some evidence of the fact that the charter has been so certified and recorded. There is no evidence in this record that the charter of Mineral Wells has been certified to the Secretary of State and by that officer recorded, nor is there any evidence that such charter has been recorded by the secretary of the city of Mineral Wells or other officer thereof exercising like or similar powers. So this court has no knowledge, actual or constructive, of the terms and provisions of the charter of Mineral Wells. It would be mere speculation for this court to assume what the terms and provisions of the charter were with respect to street paving. Section 4 of the act mentioned provides:

"That by the provisions of this act it is contemplated to bestow upon any city adopting the charter or amendment hereunder the full power

of local self-government, and among the other powers that may be exercised by any such city, the following are hereby enumerated for greater certainty: * * * To have exclusive dominion, control and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards, and public grounds of such city and to provide for the improvement of any public streets, alleys, highways, avenues or boulevards by paving, raising grading, filling, or otherwise improving the same and to charge the cost of making such improvements against the abutting property, by fixing a lien against the same, and a personal charge against the owner thereof according to an assessment specially levied therefor in an amount not to exceed the special benefit any such property received in enhanced value by reason of making any such improvement and to provide for the issuance of assignable certificates covering the payments for said cost, provided that the charter shall apportion the cost to be paid by the property owners and the amount to be paid by the city. * * * *That the power herein granted for making street improvements and assessing the cost by special assessment in the manner herein stated shall not be construed to prevent any city from adopting any other method or plan for the improvement of its streets, sidewalks, alleys, curbs or boulevards. as it may deem advisable by its charter."* (Italics ours.)

From the above quotation, it is apparent that the city of Mineral Wells may have adopted a charter which would have authorized it to pave Pecan street and to charge the cost of same against abutting property by fixing a lien against the same and a personal charge against the owner thereof, or, under the italicized portion of the quotation, the charter may have provided some other method or plan for such paving. The assignments question the validity of the certificate upon which the suit is brought, and, without any knowledge of the terms and provisions of the charter under which the certificate was issued, this court cannot determine such questions. We are therefore unable to pass upon the questions presented by the other assignments.

[3] In this connection, it is not improper to suggest that although the Legislature has seen fit, as indicated above, to provide that, when certain acts have been performed, the courts shall take judicial notice of the charter, yet, as a matter of fact, no court could know the various terms and provisions of such charter unless it had a copy thereof before it, and, notwithstanding the provision with reference to the judicial notice imposed upon courts, it seems imperative, or, at least, highly advisable, that a copy of any such charter be offered in evidence in any case' which involves a consideration of its various terms and provisions. It is true that under the provisions of the act, all cities incorporated thereunder have certain powers common to all; but it does not follow that all charters adopted under the provisions of said act are the same in all particulars. As is clearly shown by the above quotation, the charters may provide different methods or plans for paving streets.

For the error in sustaining the exceptions to the defendant's cross-action and dismissing the same, the case is reversed and remanded.