### CITY OF MINERAL WELLS v. ALEXANDER et al.

No. 14396.

Court of Civil Appeals of Texas. Fort Worth.

June 12, 1942.

Rehearing Denied July 10, 1942.

W. P. Smith and W. O. Gross, both of Mineral Wells, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

From the record it appears that W. E. Spurgeon is the fee owner of a 25-acre tract of land in Parker County, Texas, and R. E. Spurgeon is the fee owner of a 15-acre tract in the same county. In February of 1938, these two tracts of land were leased by the respective owners to the plaintiffs for a term of ten years, for the purpose of planting and cultivating peach orchards thereon. The leases were duly recorded in the deed records of the county in June of the same year.

The plaintiffs planted peach trees on the land and were in possession when the leases hereinafter mentioned were executed.

In December of 1940, each of the Spurgeons executed a lease of his tract of land to the City of Mineral Wells. It is not disputed · that the purpose of the City of Mineral Wells in assembling these and other leases was to provide an area for the use of the United States Army as a bivouac and training area and target range, near the campsite of Camp Wolters. The City of Mineral Wells in turn executed a lease to the United States government, covering this land and several thousand acres of other land, for the use mentioned. It can reasonably be inferred from the testimony that the government of the United States took possession of the land under and by virtue of the so-called "master lease" it had received from the City of Mineral Wells.

Plaintiffs offered evidence to show that the United States authorities had fenced his land, and had taken possession of it, and were using it as a target range, and that plaintiffs . as a result had been excluded from the leased land ·and had been unable to cultivate the orchard or gather any fruit from the trees.

Plaintiffs sued the City of Mineral Wells for damages, seeking to recover what they alleged to be the profits they had lost and would lose as a result of not being able to cultivate the orchard and gather and sell the fruit. The Spurgeons were made parties to the suit, but no recovery of any kind was sought against them. Plaintiffs did not sue the United States.

The City of Mineral Wells filed its plea of privilege, seeking to remove the cause to Palo Pinto County. Plaintiffs controverted the plea, seeking to maintain venue in Parker County, where the suit was filed, under Section 14, Article 1995, R.C.S., on the ground that the suit was one to recover damages to land, and under Section 9, on the ground that the defendant had committed a trespass in Parker County.

We do not consider that the case falls within Section 14. The suit appears not to be for any damage done to the land, but for profits lost by reason of being excluded from the land. To bring the case within Section 14, the suit must be for an injury to the possession or to the freehold or estate. 43 Tex.Jur. 746.

Knight v. Houston & T. C. R. Co., 93 Tex. 417, 55 S.W. '558.

Although there are allegations that the trees will die as a result of not being cultivated, the recovery sought is not for the damage to the orchard, but for the loss of profits therefrom. We do not pass upon the question of whether a suit by a lessee, even for damage to the leasehold estate, would be a case falling within Section 14. An annotation on this question may be found in 104 A.L.R. 235.

Plaintiffs allege that the leases referred to constitute a cloud upon their title, but clearly the suit is not one of title, or to remove cloud from title.

We have some difficulty in determining whether the pleading and proof show a trespass committed by the City of Mineral Wells, so as to bring the case within Section 9.

It is argued with great force by the City of Mineral Wells that any trespass which may have been committed was committed by the United States, not by the City of Mineral Wells, and further, that in any event there is no liability upon the City of Mineral Wells because its activities in procuring leases upon the lands in the area in question, and in leasing the said lands to the United States, were in excess of the powers conferred upon it by its charter and by the general laws.

The City relies especially upon the holding in McClanahan v. Stephens, 67 Tex. 354, 3 S.W. 312, 313. In that case the appellants bought a tract of land at a tax sale, and in turn sold it to certain parties who cut the timber on the land. The owners of the land, claiming the tax sale invalid, sued for the land, and sued for damages occasioned by cutting the timber. The Supreme Court held that the sale by appellants of land they did not own was not the efficient cause of the injury done by their vendees, and that the mere sale, of itself, was not enough to constitute a trespass by appellants. The court also said: "To render the appellants liable for the acts of their vendees it must be made to appear that they acted in concert in doing the illegal act, or that the injury was the ordinary or natural result of some act which they did."

A somewhat similar holding appears in Durham v. Scrivener, Tex.Civ.App., 259 S.W. 606; Id., Tex.Com.App., 270 S.W. 161, and another in Kirby v. Hayden, Tex. Civ.App., 125 S.W. 993.

In 127 A.L.R. 1015, appears an annotation entitled, "Liability of grantor or lessor of property which he does not own to true owner for trespass by lessee or grantee".

It is there said by the editor of the annotation: "It appears to be well settled that he who aids or abets a trespass is liable for the trespass. 26 R.C.L. p. 961, # 39. But whether a seller or lessor of property which he does not own is liable to the true owner for the trespass of the grantee or lessee is a question the answer to which seems to depend upon the circumstances of the particular case."

Cases are cited holding that a mere sale of property to which one has no title does not of itself carry with it a cause of action against the seller for the subsequent trespass by the purchaser.

But there is quoted a statement from the American Law Institute Restatement, Torts, Vol. 1, p. 363, § 158, to the effect that "if the actor has commended or requested a third person to enter land in possession of another, the actor is responsible for the third person's entry, if it be a trespass."

We refer to the annotation and the cases there cited, without further quotation from them.

 It seems to us that the present case falls within the rule last quoted, as well as the rule announced in McClanahan v. Stephens, supra, to the effect that to render one liable it must appear that he acted in concert with the one doing the illegal act, or that the injury was the ordinary or natural result of what was done.

The City of Mineral Wells assembled the leases in question for the purpose of obtaining an area for use by the United States Army as a bivouac and training area and target range, and in turn leased the lands in the area to the United States government for that very purpose. Whether or not the Army had fenced the area, it is clear from the evidence that plaintiffs could not without risking their lives cultivate the orchard and gather fruit from it with the Army using it as a target range. Exclusion of the plaintiffs from their leased land was a result reasonably to be expected and without doubt intended by the City of Mineral Wells and the United States officials. And equally without doubt does it appear that the City of Mineral

Wells and the United States government were acting in concert in the plan of locating the bivouac and training area and target range on the lands covered by such leases.

The record is amply sufficient to show a prima facie case of trespass by the City of Mineral Wells in the county in which the suit was brought.

We do not feel that we are able to find from the record before us that the acts complained of are beyond the powers conferred upon the City of Mineral Wells by the general laws, and by its charter if it has one. The plaintiffs' petition describes the defendant simply as a municipal corporation. The pleadings of the City do not describe it otherwise than as defendant, City of Mineral Wells. There is nothing in the statement of facts to show whether the City of Mineral Wells is a "home rule city", or what is its population, or whether it has a charter, nor were any provisions of the charter introduced in evidence, or otherwise included in the record filed in this court. The City suggests in its brief that we will take judicial notice of the terms of its charter. Aside from the practical difficulty of construing the terms of a charter which we have not actually seen, even if we were chargeable with judicial notice of it, we approve the rule announced in Pate v. Whitley, Tex.Civ.App., 196 S.W. 581, to the effect that judicial notice of the charter will not be taken unless the charter shall have been certified to the Secretary of State and shall have been recorded by that officer and also by the city secretary or other officer exercising like or similar powers; and that proof must be made of such facts.

The only showing in the record with reference to the power of the city, under its charter and the general laws, to make the lease to the United States, is a certificate of the City Secretary, which is attached to the lease given to the United States, and which was received in evidence without objection, which reads as follows:

"I, C. P. Scudder, Jr., certify that I am the City Secretary of the municipal corporation named as Lessor in the attached lease; that John C. Miller, who signed said lease on behalf of the Lessor, was then Mayor of said municipal corporation; and that said lease was duly signed for and in behalf of said munici-pal corporation by authority of its governing body, and is within the scope of its corporate powers.

"C. P. Scudder, Jr.,
"City Secretary."

Upon the record before us, we find no error in the action of the trial court in overruling the plea of privilege.

The judgment of the trial court is affirmed.