## TRACY v. KING.
### No. 14486.

Court of Civil Appeals of Texas.
Dallas.

May 16, 1952.

Rehearing Denied June 13, 1952.

Carleton P. Webb, Post, for appellant.

James S. Grisham, Dallas, L. F. Sanders, Canton, for appellee.

YOUNG, Justice.

This is a venue case. To the suit of King against A. Z. Skeeters of Gregg County and appellant Tracy for alleged damages to his farm lands and growing crops, located in Van Zandt County, the latter interposed plea of privilege to be sued in the place of his residence—Garza County. Issue was joined on filing of controverting affidavit invoking exceptions 9 and 14, Art. 1995, V.A.S.; and upon hearing, the plea was overruled, which order, adverse to Tracy, has been duly brought up for review. The nature of plaintiff's cause of action will be outlined briefly:

That on or about April 15, 1951 he was the owner of an agricultural surface lease of 42 acres known as the Abel land, lying

in the vicinity of Ben Wheeler, and had at his own expense flat-broken and otherwise prepared same for the planting and cultivation of sweet potatoes, but had not planted potatoes thereon; that defendants about said time, through their representatives, had advised plaintiff of their mineral lease and right to drill a test well on the acreage for development of oil and gas; it being agreed that defendants would use for a drilling site some two acres near the center of said land and that $300 was reasonable compensation for the damages incident to the use thereof. It is further alleged that defendants commenced and completed such well to a depth of 4,600 feet, when they abandoned further drilling and began removal of all machinery and equipment; that defendants had confined their operations to said two-acre tract until, during process of removal, they cut the wall of the slush pit and allowed a great volume of water mixed with other fluids to flow out and upon other cultivated lands, with result that it destroyed all vegetation and made the land valueless for the year 1951; that said flooding occurred about June 4, and affected some six additional acres of his lease which had been fertilized and prepared for the successful growing of potatoes; and damaging plaintiff as for the total destruction of said crop, or the use of his lease to the extent of $250 per acre; a total damage sustained, including the $300 previously agreed upon, of $1,800; it being alleged that defendants had failed to exercise ordinary care and precaution in their abandonment of the drill site.

Subdv. 14, Art. 1995, V.A.S., provides in part: "Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie." The term "damages to land" as used in said exception, means "an injury to the possession or to the freehold or estate." 43 T.J. 746; Knight v. Houston & T. C. Ry. Co., 93 Tex. 417, 55 S.W. 558. While the measure of damages to appellee, the lease owner, was in terms of loss of his 1951 potato crop, we think he has stated a case of injury to his possession within the purview of aforesaid Supreme Court definition. In Pickens

v. Harrison, Tex.Civ.App., 231 S.W.2d 812, 813, on closely analogous facts, plea to the venue of defendant was overruled following controverting affidavit of lessee Harrison, claiming benefit of exception 14. There the oil drillers had allowed salt water from the slush pit to flow out and upon lessee's rice lands; the court concluding, "That the only venue facts to be proved under said subdivision are (1) that the land is located in Jackson County, and (2) that the nature of plaintiffs' suit is a suit for the recovery of damages to such land, which latter fact, as to the nature of the suit, is to be determined from the allegations of plaintiffs' petition." Here, uncontrovertedly, the land involved is situated in Van Zandt County where suit was filed. We further conclude that the instant facts can be distinguished from those reflected in City of Mineral Wells v. Alexander, Tex.Civ.App., 163 S.W.2d 721, approved by Supreme Court, City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466, where federal authorities simply excluded the leaseholder from his orchards; he seeking to recover value of fruit crop.

However, we are aware of the principle of general application that a leasehold interest is not ordinarily regarded as real property within meaning of venue statutes. See 104 A.L.R., Annotations, 235; and if we be mistaken in applicability of subdv. 14, then the ruling in question may be supported under exception 9, reading: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed"; plaintiff's cause of action containing essential elements of a trespass, and damages resulting therefrom.

From the testimony, appellant and associates owned the oil and gas lease, Tracy's statement being to the effect that another concern had been employed to drill the well. He testified that Iran Drilling Company had been so employed, with their contract in his possession, though not offered in evidence. In process of dismantling and removal of equipment, the slush tank was cut,—at whose instance it is not clear from a rather meager record; in which connection it was the testimony of

**644**

L. J. King, father of appellee, that he had asked the well driller not to cut the slush pit wall. Under such state of the record, the court could properly have concluded that liability for the trespass here pictured was upon the employer or wellowners, following the settled rule that, "Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist." Taylor, B. & H. R. Co. v. Warner, 88 Tex. 642, 648, 32 S.W. 868, 870. Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 94 S.W.2d 416.

The order overruling plea to the venue is affirmed.