**CITY OF AUSTIN, Appellant,**

v.

**E. Viola LONG, Appellee.**

No. 10438.

Court of Civil Appeals of Texas.

Austin.

Nov. 21, 1956.

Rehearing Denied Dec. 12, 1956.

See also 265 S.W.2d 632.

Doren R. Eskew, City Atty., Robert J. Potts, Jr., Asst. City Atty., Austin, for appellant.

Sidney P. Chandler, Austin, for appellee.

ARCHER, Chief Justice.

In the third amended original petition the appellee sued the City of Austin and the Southwestern Bell Telephone Company seeking to recover damages for the cutting of several trees growing on appellee's land situated near Lake Travis in Travis County, Texas. It is alleged that the trees had a value to the land of more than $500. It is alleged that on or about the first day of January, 1948, the defendants through their servants and agents entered upon the plaintiff's land without her knowledge or consent and erected thereon electric and telephone lines, support poles, anchors, etc., and that the defendant maintained such lines in and upon plaintiff's land for a period of ninety months; that the value of the occupancy and the use of plaintiff's premises during such time was $10 per month, and sued for the damages to the premises, for the destruction of the trees, and for the market value of the use of her land for the period of time it was so unlawfully used.

The defendant City of Austin filed a general denial and especially pleaded that the City had permission to use the plaintiff's land, having obtained such permission from one A. L. Stewart, and that on such per-mission entered in and upon the land and installed the electric power line in November, 1947.

The Telephone Company has not appealed, therefore its pleading will not be material.

The case was submitted to the jury on four special issues and in answering the issues the jury found that the reasonable cash market value of appellee's land immediately prior to the destruction of the trees that were destroyed thereon was $1,600; that the reasonable cash market value of plaintiff's land immediately after the destruction of the trees was $1,200; that the average cash market reasonable rental value per month for the use of plaintiff's land as used by the defendants was $5; that the City of Austin " * * * in the exercise of ordinary diligence should have known in November, 1947 of the claim of E. Viola Long to the tract of land in question."

On the verdict of the jury the court entered judgment for the plaintiff against the defendant City of Austin in the amount of $1,166.32, which included the amount of $400 damages for destruction of the trees and $5 per month for seven and one-half years, and interest on the $400 from January 1, 1948 to the date of judgment and interest on the amount of rent per year, that is $60 per year, until the date of the entry of judgment.

The appeal is before this Court on three points:

"Point I. Where defendant entered and made valuable improvements upon an 80 acre tract at the request of the holder of record title, (being also the person in possession) without any notice of the unrecorded claim of plaintiff to an unimproved, unfenced, unsegregated .58 of one acre of said 80 acres, defendant became a bona fide purchaser for value from the record title holder, and the trial court erred in failing to so instruct the jury; in failing to

submit defendant's proper issue thereon; and in submitting an issue placing upon defendant the burden of proving that it did not lack diligence in discovering plaintiff's secret claim.

"Point II. The trial court erred in entering a judgment which is grossly excessive in that it allows more for damage to vegetation upon a small portion of a tract of land than appellee paid for the entire tract of land.

"Point III. The trial court erred in entering judgment allowing a double recovery, because even if damages were allowable, damages for trespass and for rent are mutually inclusive and appellee should have been required to elect the one or the other measure of damages."

Appellee has made five counterpoints to the effect that the City of Austin was not a bona fide purchaser for value, and that no objection was made to the charge for failure to instruct the jury that the City was a bona fide purchaser for value and no requested charge to that effect was made, and that the question cannot be raised for the first time in the appellate court, and that had the City objected to special issue No. 4, on the diligence of the City in following through on notice of appellee's claim that issue was properly submitted, and that the measure of damages for the destruction of appellee's trees is not based upon the price she paid for the land, and finally appellee's recourse is for the wrongful destruction of the trees, and for the wrongful taking, using and holding possession of appellee's land without her consent and against her will.

We do not believe that the City was a bona fide purchaser or licensee for value so as to justify the entry of the land with the resulting damage and that the jury's answer is supported by the record.

A. L. Stewart at whose instance the line was run testified that he sold the land involved to appellee in February, 1946, and that there was no electric lines out there and that in discussing the matter with Mr. Dahlstrom, an employee of appellant, told Mr. Dahlstrom that he had sold some lots and gave Mr. Dahlstrom a list of names to whom he had sold lots, and further that he told Mr. Dahlstrom to run the lines across his property and that he did not undertake to give the City an easement on the land he had sold to Mrs. Long.

Mr. Dahlstrom, service manager for the Water and Light Department for the City, testified that the Stewarts had come to see him and were trying to persuade the City to build a line into the subdivision and that an easement was secured in 1948, which easement was lost, and that the line was run in 1947.

C. V. Dunagan testified that he was a field party chief and supervised the laying out of the line and designated the route, and testified that a pole and guy wires were placed on the Long property to serve and did serve several people who were then living there.

There was testimony as to roads and marked corners in the vicinity of the Long property when the line was built.

■ Appellant made no motion to the court to instruct the jury that it was a bona fide purchaser for value, or request a charge to that effect. No objections were made to the charge for failing to so instruct the jury. Since there were no objections to the charge in the trial court before it was submitted to the jury, complaint cannot subsequently be made here. Rule 418, T.R.C.P.

■ The information the City's employees had from the discussion with A. L. Stewart and the physical facts on the ground were sufficient to put it, or any prudent person, on inquiry as to the location of appellee's land or that she had purchased it. The finding of the jury in answer to special issue No. 4 settled the fact issue against appellant. Littleton & Clay v. Giddings, 47 Tex. 109; Texas & P. Ry.

Co. v. Bullard, Tex.Civ.App., 127 S.W. 1152.

■ We do not believe that special issue No. 4 placed the burden of proof on appellant; however, no objection was made to the form or substance of the issue. This issue reads:

"Do you find from a preponderance of the evidence that the City of Austin in the exercise of ordinary diligence should have known in November, 1947 of the claim of E. Viola Long to the tract of land in question:

"Answer this special issue 'Yes' or 'No'.

"Answer: Yes."

■ We believe that the measure of damage was properly submitted and that the price appellee paid had nothing to do with the present measure of damage.

■■ The evidence of the witnesses was sufficient, if believed by the jury, to support the fact findings in special issues Nos. 1 and 2, and we believe that the evidence was sufficient to support the verdict of the jury.

"The proper measure of damages to growing trees destroyed is the difference between the market value of the land before and after the injury to or destruction of the trees." Texas & N. O. R. Co. v. Smith, 35 Tex.Civ.App. 351, 80 S.W. 247, City of Fort Worth v. Dietert, Tex.Civ.App., 271 S.W.2d 299, er. ref.

■■ The cause of action for damage to or destruction of the growing trees is a separate cause of action from one for the use and occupancy of the land, the first being governed by the difference in the cash market value of the land immediately before and after such damage and the measure of damage for the holding, use and occupancy of the land is the fair cash rental value during the period of such use and occupancy.

■ The evidence reasonably supports the jury's answer to special issue No. 3.

Hal Hatter qualified as an expert on the value of the use of land similar to appellee's land, and fixed such at $10 per month.

The appellant did not offer any evidence as to the rental value of the land. Harrell v. F. H. Vahlsing, Inc., Tex.Civ.App., 248 S.W.2d 762, er. ref., N.R.E.

■ The judgment properly allowed interest on the recovery for rent for the period of time the land was used.

The judgment of the trial court is affirmed.

Affirmed.