Toddie L. WYNNE et ux., Appellants,

v.

H. S. FREILEY et al., Appellees.

No. 15860.

Court of Civil Appeals of Texas.

Dallas.

July 28, 1961.

Touchstone, Bernays & Johnston, and Charles C. Sorrells, Dallas, for appellants.

Fred V. Meridith, Terrell, for appellees.

DIXON, Chief Justice.

Appellees H. S. Freiley, Ray Patton and Mrs. Myrtle Patton brought suit against Toddie L. Wynne, Mrs. Toddie L. Wynne and A. J. Kupper for damages to appellants' cotton crops and to pecan, walnut, peach, mimosa and mesquite trees growing on their lands located in Kaufman County, Texas. Freiley and Mrs. Patton were owners of farms. Ray Patton, son of Mrs. Patton, was his mother's tenant on her farm.

Appellees allege that the damage was caused by the spraying by Kupper of a poisonous herbicide weed killer known as 2, 4–d, which herbicide drifted from a ranch owned by Toddie L. Wynne and Mrs. Wynne over onto appellees' property causing the damage. It was alleged that Kupper was the foreman of the Wynne's ranch and that his negligent acts in spraying were done by him as the servant, agent and employee of the Wynnes, thereby casting liability on the Wynnes for the damages suffered by appellees.

Appellants Toddie L. Wynne and Mrs. Toddie L. Wynne, residents of Dallas County, Texas, filed a plea of privilege seeking to have the suit transferred to Dallas County for trial.

Appellees filed a controverting affidavit alleging that venue properly lay in Kaufman County under Subsections 9, 9a, 14 and 29a of Art. 1995, Vernon's Ann.Civ. St. In paragraph V of their controverting affidavit appellees say: "Plaintiffs refer to and adopt their original pleadings filed herein, in support of and as a part of this controverting plea for all purposes."

At the conclusion of a hearing appellants' plea of privilege was overruled.

In their brief appellants say: " * * * your appellants believe it will be undisputed that the only question presented in this appeal is whether Sub-division 14 of Art. 1995 is applicable in order to hold venue in Kaufman County, Texas." Therefore we shall not discuss the other Subsections relied on by appellees in their controverting affidavit, but shall address our attention only to the question whether Subsection 14 is applicable.

Appellants' only point on appeal is as follows: "There is no competent evidence, and in the alternative, the evidence is wholly insufficient to support any findings against your appellants, Toddie L. Wynne and Mrs. Toddie L. Wynne, to sustain venue in Kaufman County, Texas."

■ It is a rule well established in venue actions that Subsection 14 of Art. 1995, V.A.C.S., is applicable (1) if the suit is an action for damages to land, and if (2) the land lies in the county where venue is sought to be retained. It is equally well established that whether an action is a suit for damages to land within the meaning of Subsection 14 is determined by the allegations in the petition as a matter of law and is not a question of fact. Rogers v. Scaling, Tex.Civ.App., 285 S.W.2d 259; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Ross v. Martin, Tex.Civ.App., 225 S.W.2d 220; Cox v. Palacios, Tex.Civ. App., 188 S.W.2d 688; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

In this case the petition alleges not only that the poisonous herbicide damaged appellees' cotton crop but that it also damaged various trees on appellee's land. As to Freiley's land we quote from the petition:

"Plaintiff * * * shows to the Court that such negligence and carelessness on defendants' part further damaged him, in addition to damages to his said cotton crop in the following items: Four paper-shell pecan trees, which had been producing an average of eight to ten bushels of pecans over the past several years were damaged by such chemicals; all of the little pecans on said trees turned black and fell off and plaintiff gathered no crop of pecans from the same for the year 1959. * * * He had ten mesquite trees in the ten acre pasture on said land and such chemicals turned them brown * * *."

As to Patton's land we quote from the petition:

"The plaintiffs * * * show that in addition to the damage done to their cotton crop, they were damaged in the following items: The chemicals killed one walnut tree, two peach trees, and one mimosa tree. The willow trees around their surface tank or pond were deadened at the top * * *."

■■ The destruction of trees is damage to land. Southwestern Bell Telephone Co. v. Willie, Tex.Civ.App., 329 S.W.2d 466; City of Austin v. Long, Tex.Civ.App., 296 S.W.2d 624; Cummer-Graham Co. v. Maddox, 155 Tex. 284, 285 S.W.2d 932. Growing trees are lands within the meaning of Subsection 14 of Art. 1995, V.A.C.S. Gulf C. & S. F. Ry. Co. v. Foster, Tex.Civ. App., 44 S.W. 198; Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995. See also Tracy v. King, Tex. Civ.App., 249 S.W.2d 642, wherein it is held that damages to a potato crop are damages to lessee's right of possession to land within Subsection 14, Art. 1995, V.A. C.S.

The testimony is undisputed that the lands in question are located in Kaufman County, Texas.

Appellants' point on appeal is overruled.

Appellees do not agree with appellants that the only question involved in this appeal is whether Subsection 14, Art. 1995, V.A.C.S., is applicable. Appellees' second, third and fourth counterpoints are (2) the pleadings and evidence allege and show that the negligence of appellants and their agent and joint defendant A. J. Kupper constitute a proximate cause of appellees' injuries under Subsection 9a of the venue statute; (3) the pleadings and evidence show that a trespass was committed by appellants and defendant A. J. Kupper against appellees in Kaufman County and permissive venue lies in said county where the land lies under Subsection 9 of the venue statute; and (4) there are more than two defendants in this suit, one of whom is A. J. Kupper, a resident of Kaufman County, and permissive venue therefore lies in Kaufman County, under Subsection 29a of the venue statute.

■ Since appellants have briefed only the question of the applicability of Sub-

section 14, Art. 1995, and we have overruled their one point on appeal, we see no reason for us to discuss or pass on appellees' second, third and fourth counterpoints.

The judgment of the trial court is affirmed.