**BRAZOS ELECTRIC POWER COOPERATIVE, INC., Appellant,**

v.

**Mackie Lee McCULLOUGH et al., Appellees.**

**No. 6123.**

Court of Civil Appeals of Texas, Waco.

April 30, 1980.

R. Scott Moran, Mills, Riley & Moran, Waco, for appellant.

James H. McCullough, Palmos & Russ, Hearne, for appellees.

HALL, Justice.

This is an appeal from an order overruling defendant's plea of privilege. Plaintiffs are Mackie Lee McCullough, Hager H. McCullough, and Reba McCullough. Defendant is Brazos Electric Power Cooperative, Inc. Plaintiffs filed this suit in Robertson County. They alleged that defendant is a "cooperative, non-profit corporation, duly organized and existing under the laws of the State of Texas"; that on or about March 1, 1977, defendant's agents and employees, while acting within the scope of their employment with defendant or in furtherance of the defendant's business, "maliciously, willfully . . . or with reckless disregard of plaintiffs' rights" trespassed upon plaintiffs' particularly described land located in Robertson County "in the following manner: A. Defendant's employees drove defendant's equipment on said premises in a manner which made ruts and caused damages to the surface of said

land; B. Defendant's employees totally or partially destroyed trees and yaupon bushes on said land; C. Defendant's employees converted dirt on said land for defendant's use and benefit." Plaintiffs pleaded that "defendant or a manager of defendant ratified or approved the acts herein alleged." Alternatively, plaintiffs alleged that those acts were negligently committed by defendant's employees when acting within the scope of their employment or in the furtherance of defendant's business. Plaintiffs pleaded for and prayed for money damages, including exemplary damages.

Defendant filed its plea of privilege to be sued in McLennan County, the county of its residence. Plaintiffs controverted defendant's plea. They incorporated their petition into the controverting plea and alleged that the petition "shows that the dominant and good faith purpose of this suit is to recover damages to plaintiffs' land, trees, bushes and yaupons" and that the "real property made the subject of this suit" is situated in Robertson County. They asserted that venue was properly laid in Robertson County under the provisions of subdivisions 9, 9a, 14 and 23, of Article 1995, Vernon's Tex.Civ.St.

After a hearing before the court without a jury, defendant's plea of privilege was overruled. Defendant brought this appeal. We affirm the judgment.

Plaintiffs' evidence on the hearing established these facts: On March 15, 1977, and on March 16, 1977, defendant's employees entered upon plaintiffs' land in Robertson County and cut down twenty trees which ranged in size from three to eleven inches in diameter, damaged five other trees which ranged in size from twelve to seventeen inches in diameter by wrapping cable around the trees, and also made ruts several inches deep on the land. Those acts were intentionally committed by defendant's employees, without authorization from plaintiffs, while the employees were acting within the scope of their employment with defendant or in the furtherance of defendant's business.

Defendant's evidence showed that in September, 1971, in connection with a condem-

nation proceeding instituted by defendant against plaintiffs, judgment was rendered in the County Court of Robertson County granting defendant an easement across the land in question for the construction, maintenance and operation of an electrical transmission line. The judgment was rendered by the court upon the decision and award of the special condemnation commissioners in the absence of objection to the commissioners' award. Plaintiffs recovered $2,455.00 in the judgment. Defendant was granted the right to "construct, operate, improve, reconstruct, . . . and to repair, relocate, inspect, patrol, maintain, and remove such facilities, with the right of ingress and egress over and upon said land and for such purposes together with the right to cut and trim any trees and to remove any obstructions within said easement and right of way, which may interfere in any way with the construction, operation and maintenance of said line." The judgment then contains this additional pertinent provision:

"The right of ingress and egress shall not include the right in the future, after the original construction of said transmission line, to destroy or damage any crops, shrubs, fences or other property of [the condemnees-owners] or any subsequent owner of said land, without payment to . . . said owners of reasonable compensation."

The evidence we have recited is all of the evidence which was adduced at the hearing.

Findings of fact and conclusions of law were not filed by the court. We therefore presume that all necessary fact findings were impliedly made by the court in support of the judgment. *Goodyear Tire and Rubber Co. v. Jefferson Construction Company* (Tex.1978) 565 S.W.2d 916, 918; *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950). Furthermore, it is our duty to sustain the judgment of the trial court if it is correct on any legal principle applicable to the record. *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939).

Subdivision 9 of Article 1995, Vernon's Tex.Civ.St., provides that a suit based upon a trespass may be brought in the county where the trespass was committed. A trespass, within the meaning of this statute, includes injuries or harm to property resulting from unauthorized intentional acts. *City of Mineral Wells v. McDonald*, 141 Tex. 113, 170 S.W.2d 466, 468 (1943); *King v. Loessin*, 572 S.W.2d 87, 90 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). However, it is not necessary that the trespasser intended harm or injury. 56 Tex. Jur.2d 16, Trespass, § 8.

Subdivision 9a of the venue statute relates to suits founded on negligent acts. It has no application under our record.

Subdivision 14 provides that suits for the recovery of damages to lands *must* be brought in the county in which the land or a part thereof may lie. Growing trees are a part of the land within the meaning of this subdivision. *Wynne v. Freiley*, 349 S.W.2d 734, 736 (Tex.Civ.App.—Dallas 1961, no writ). Whether the nature or character of a suit falls within subdivision 14 is ordinarily determined by the relief pleaded for in the plaintiff's petition. *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774, 775 (1955); *Wynne v. Freiley,* 349 S.W.2d 734, 736 (Tex.Civ.App.—Dallas 1961, no writ). It is the "ultimate or dominant purpose" of the suit, as pleaded, that controls. *Pinkston v. Johnson*, 578 S.W.2d 184, 185 (Tex.Civ.App.—Waco 1979, no writ); *Texaco, Inc. v. Gideon*, 366 S.W.2d 628, 631 (Tex.Civ.App.—Austin 1963, no writ).

Subdivision 23 provides in pertinent part that a suit against a private corporation may be brought "in the county in which the cause of action or part thereof arose."

Plaintiffs recognize that subdivision 9a of the venue statute has no application, but they assert that the record supports venue in Robertson County under subdivisions 9 (trespass) and 14 (damages to land).

Defendant concedes that the proof establishes that it intentionally damaged plaintiffs' land, but defendant advances the following theories for reversal of the judgment: (1) The judgment rendered by the County Court of Robertson County is a contract between the parties; (2) defendant was authorized under the contract to enter upon plaintiffs' land and to commit every act complained of by plaintiffs, subject only to payment of reasonable compensation for any resulting damages, therefore defendant was not guilty of trespass; and (3) in whatever fashion pleaded by plaintiffs, the suit is necessarily and actually based upon breach of the contract, and, because the contract does not specify a place for payment of the compensation for damages, defendant is entitled to have the suit transferred to the county of its residence.

Plaintiffs dispute defendant's "contract" theory, but we need not decide the question. Even if we assume defendant's contract argument is correct, we perceive several flaws under the record in defendant's remaining contentions. We shall discuss two.

First, the condemnation judgment awards defendant only a reasonable right of entry upon and of use of the land for the purposes set forth in the judgment, all relating to defendant's care of its transmission line; and any entry or use outside that right resulting in damages to the land would give rise to an action in tort for damages without regard to defendant's asserted contract, since such use is not contemplated by the terms of the judgment. See, *Texas Electric Service Company v. Campbell*, 161 Tex. 77, 336 S.W.2d 742, 746; 56 Tex.Jur.2d 37, Trespass, § 30. There is no evidence in our case showing why defendant's employees were on plaintiffs' land on the occasion in question, or their purpose in cutting and damaging the trees—no evidence that those activities were related to the care and maintenance of defendant's transmission line. On the other hand, plaintiffs' witness testified without objection that the damage inflicted was not authorized by plaintiffs.

Second, plaintiffs' allegation that defendant is a "cooperative, non-profit corporation" was not denied under oath by defendant. It is therefore deemed admit-

ted. Rules 52 and 93(g), Vernon's Tex. Rules Civ.Proc.; *Insurance Company of North America v. Fire Insurance Exchange*, 508 S.W.2d 703, 704 (Tex.Civ.App.—Waco 1974, no writ). As noted above, under subdivision 23 of the venue statute, a suit against a private corporation may be brought in the county in which the cause of action or a part thereof arose. In a suit on breach of contract, the making of the contract is a part of the cause of action; and under subdivision 23 a suit against a corporation for breach of a contract may be maintained in the county where the contract was made. *Brass Brakes, Inc. v. Brake-O International, Inc.*, 473 S.W.2d 679, 680 (Tex.Civ.App.—Waco 1971, no writ); *G. P. Enterprises, Inc. v. Adkins*, 543 S.W.2d 913, 915 (Tex.Civ.App.—Texarkana 1976, no writ). In our case, if, as defendant insists, plaintiffs' suit is based upon a contract created by the judgment of the County Court of Robertson County, that contract was surely made in Robertson County.

The record supports venue in the county of suit under the provisions of subdivisions 9 and 14. Defendant's contentions are overruled.

The judgment is affirmed.