Clayton T. GARRISON et al, Appellants,

v.

TENNECO CHEMICALS, INC., Appellee.

No. B2525.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1981.

Rehearing Denied March 18, 1981.

Mark White, Atty. Gen., Leslie M. MacRae, Asst. Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Douglas G. Caroom, Asst. Atty. Gen., Chief, Environmental Protection Div., Austin, for appellant.

P. J. Murphey Harmon, Reynolds, Allen & Cook, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

Appellants, Clayton T. Garrison, Chester D. Harris, and Pearce Johnson of Travis County, Joe K. Fulton of Lubbock County, Jack R. Stone of Cherokee County, Bob Burleson of Bell County, John M. Green of Jefferson County and Louis H. Stumberg of Bexar County, appeal from an order overruling their plea of privilege. Appellee, Tenneco, Inc., instituted the declaratory judgment action in Harris County, Texas. We affirm.

The appellants, sued individually, are commissioners or employees of the State Parks and Wildlife Department. Appellee brought suit in Harris County, Texas, against appellants in their individual capacity to determine its rights under the Texas Parks and Wildlife Code. Appellants filed a plea of privilege to be sued in the county of their domiciles. Appellants also asserted that appellee was seeking relief, which, if granted, would mandate action on the part of the departmental head of the State Parks and Wildlife Department and venue would therefore be in Travis County due to § 20 of Art. 1995. Appellee filed its controverting affidavit asserting venue was proper in Harris County, Texas, under the trespass exception, § 9 to Art. 1995. Appellants' plea of privilege was overruled and appellee's controverting affidavit was sustained.

Appellants now complain of the order overruling the plea of privilege. Appellants state that the court erred in overruling the plea because appellants acted within their statutory authority at all times and because the evidence to support appellee's trespass exception to the venue statute was legally insufficient. To evaluate these points of error, it is necessary for us to detail some of the facts which will be more fully considered when the case is tried on the merits.

Appellee, Tenneco, has a chemical plant and a terminal for handling ammonia on the Houston Ship Channel. Appellee maintains wharfage and docking facilities on the channel. In 1976, appellee obtained from the Army Corps of Engineers the permit that was required before appellee could perform periodic maintenance dredging operations necessary for navigation. Appellee also obtained a marl permit from the State Parks and Wildlife Department. The department demanded that appellee pay $0.25 per cubic yard, or $29,937.96, for the marl removed from the channel. Pending rendition of the Texas Supreme Court decision in *Amdel Pipeline, Inc. v. State*, [subsequently reported at 541 S.W.2d 821 (Tex.1976)], appellee suspended payment of the department's charges. In *Amdel*, the court held that the State could not impose conditions on its permits when dredging operations were performed for navigational purposes. *Id.* at 826. Relying on *Amdel*, appellee has not paid for the dredged material. The Army Corps of Engineers has refused to grant appellee additional permits to allow for further dredging operations because of the outstanding claim by the State of Texas of the above referred to sum.

The central issue for our decision is whether the requirement by the employees of the State Parks and Wildlife Department that appellee pay for the marl removed from the channel (which resulted in preventing appellee from getting further permits to dredge) was such an interference with appellee's property right as to be a trespass under the venue statute. A trespass within the statute includes injuries or harm to property resulting from unauthorized intentional acts. *Brazos Elec. Power Co-op., Inc. v. McCullough*, 599 S.W.2d 357 (Tex.Civ.App.—Waco 1980, no writ). To maintain venue under § 9 to Art. 1995 in the county where the trespass was committed, appellee must prove (1) that a trespass has been committed (2) that it was committed in the county where suit was filed and (3) that the defendant asserting its privilege committed the acts constituting the trespass or that they were committed by another under circumstances that make the defendant legally responsible. *Socony Mobile Co., Inc. v. Southwestern Bell Tel. Co.*, 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi 1974, no writ).

We hold that appellee has proved the necessary venue facts and that the trial court properly overruled appellants' plea of privilege. The circumstances of Tenneco, situated on the Houston Ship Channel, are not materially different from those of Amdel, which had oil storage and ship terminal facilities on the Neches River. Tenneco's dredging operations, and Amdel's, were necessary and incidental to navigation. Tenneco's property is subject to the Texas Supreme Court decision in *Amdel*. There the court stated that the department had no statutory authority to require Amdel to obtain a permit for the taking of materials from the bottom of the Neches River. Furthermore, the Court held the State, under the Parks and Wildlife Code, could not require payment for taking or carrying away marl when the taking is necessary or incidental to navigation. Here the acts of the individual appellants, employees of the State Parks and Wildlife Department, in requiring Tenneco to get a permit and demanding payment for the material re-

moved, were unauthorized and constituted a constructive trespass. Venue is therefore proper in Harris County under § 9 to Art. 1995.

Affirmed.