IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00236-CV

 

Dr. Steven Leon Gates, D.O. and/or 

Dr. Steven Leon Gates, D.O., P.A.,

                                                                                    Appellant

 v.

 

Jack Thomas Altaras,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. C200800182

 



ORDER










 

            Jack Thomas Altaras sued Dr. Steven
Leon Gates, D.O. and/or Dr. Steven Leon Gates, D.O., P.A. for negligence. 
Altaras presented an expert report in the form of an affidavit from Dr. Bernard
A. McGowen.  Gates filed objections to the report and a motion to dismiss. 
Both were denied and Gates appealed.  See 10-08-00239-CV.  A few weeks prior to oral argument in the appeal, Gates and Altaras reached an agreement that
Altaras would submit a supplemental report within 45 days and Gates would
dismiss his appeal.  After the supplemental report was presented, Gates again
filed, in one document, objections and a motion to dismiss.  The trial court
again denied relief, and Gates appealed.  On appeal, this Court held that the
trial court erred in finding the expert report to be sufficient and reversed
and remanded the case for further proceedings.

            On appeal, Gates argued in his third
issue that the expert affidavit failed to mention the professional association,
Gates, P.A.  Gates further argued that because of this failure, no expert
report was filed as to Gates, P.A. and no extension to cure deficiencies in the
report was permitted.  Altaras argued in response that because his claims were
based solely on the actions of Gates and no direct liability claims were
asserted against Gates, P.A., the affidavit was not required to mention the
professional association by name.  

            In our opinion, we determined that
because the expert affidavit was deficient as to Gates, it was deficient as to
Gates, P.A. as well.  We also held that we did not need to determine whether
the affidavit was the equivalent of no report as to Gates, P.A.

            In a motion for rehearing, Gates asks
that we dismiss the claims against Gates, P.A. because the expert affidavit did
not address any conduct of Gates, P.A. and is thus no report as to Gates, P.A. 
We decline to dismiss the claims for two reasons.  First, Altaras argued in
response to Gates’s argument that no direct liability claims were asserted
against Gates, P.A., and thus, no mention of the professional association in
the expert affidavit was necessary.  Second, Gates never made this “no report”
argument to the trial court.  We decline to address an argument of this nature
raised for the first time on appeal.  See Tex. R. App. P. 33.1.

            Accordingly, Gates’s motion for
rehearing is denied.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Motion
denied

Order
issued and filed April 14, 2010

Publish






round that there was no evidence
of rental value or cost of repairs, but his objections were overruled. His first point is that there
was no evidence to support the submission of the damage question. He contends in points two and
three that the evidence is factually insufficient to support an award of rental value or cost of
repairs. His fifth point is that the damage award is excessive. Finally, in point six he argues that
the damage question should not have been submitted because there was no evidence that Nassar
caused Cole's damages.
      With respect to her damages, Cole said that she purchased concrete blocks that were used to
cover the opening at the bottom of the wooden fence so that her dogs would not escape from her
yard. She never testified, however, as to their cost. Moreover, there is no evidence of the cost
of moving shrubs that were displaced by the wooden fence or the cost of replacing the chain-link
fence that was destroyed. In short, there is no evidence of the reasonable and necessary cost of
repairs.
      She also testified about other damages:
Q And, what other damage have you sustained because of that fence being on your property?
. . . 
A Um -- every time I look out my window, I look at that nasty set up there. It was all hedge
along the chain link fence. . . . And now, there's no hedge. And there's no chain link fence.
. . . and it hits me in the face every time I look out the window, sorry to say, . . . and it
reminds me of what I've gone through, and it's just not a very happy sensation to look out the
window anymore.
Q How long has that been going on?
A Oh, almost two and a half years now.
Q Have you suffered loss of sleep, or some other loss, just because of this?
A Well, I --
[DEFENDANT'S COUNSEL]: Objection. Your Honor, these mental anguish damages
were not pled, --
[OBJECTION SUSTAINED]
Q You have not had the use of that land? Is that right?
A No. I haven't had the use of the land, and I haven't been able to do anything to redeem
the appearance of it, because I kept waiting for the hedge to get moved back where it
belonged.
 . . . 
Q Are you able to put a dollar value on your loss, Mrs. Cole?
A I'd hate to try, but -- golly. How about, -- oh, $5.00 a day. That sound reasonable?
Q You feel you've lost $5.00 a day, in fact, that's your damages, because of the loss of use
of that land?
A Yeah, I think so.
Q For some two years[?]
A Mm hmm.
Q Are you asking the court to award you that?
A It would be very nice.
(Emphasis added).
      When questioned on cross-examination, however, Cole testified:
Q What do you base your $5.00 a day damages on?
A Just having to look at that mess all this time.
Q And, what mess is that?
A Well, I haven't been able to re-plant anything. And, here stands this board fence with this
crazy angle at one end, and the aggravation, time spent here, over at [my lawyer's] office, and
doing all these other things it involves.
Q This $5.00 a day is not based on fair rental value --
A Oh, no.
Q -- or anything like that.
A Huh uh.
Q Okay. Um --
A No, I'm sure it would be more than that for that. 
(Emphasis added).
      A person who is awarded possession in a trespass-to-try-title proceeding can recover damages
for use and occupation of the property by the wrongdoer. Tex. R. Civ. P. 805. The measure of
damages is the rental value of the property wrongfully enclosed, which requires some evidence
of its fair cash rental value. City of Austin v. Long, 296 S.W.2d 624, 628 (Tex. Civ.
App.—Austin 1956, writ ref'd n.r.e.). 
      Cole's testimony about the basis for her estimate of damages is contradictory. At first, she
says under direct examination that her damages for "loss of use" is $5.00 a day. Under cross-examination, however, Cole admits that her estimate is not based on the fair rental value of the
disputed strip of land but is premised on "having to look at that mess all this time." Evidently,
she confused her counsel's loss-of-use question—which did not inquire about rental value, the true
measure of loss of use—with damages for mental anguish. When she was specifically asked about
fair rental value being the basis of her estimate, she clearly and unequivocally admitted that it was
not based on rental value. Contradictory statements in a party's testimony do not result in binding
judicial admissions. Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364, 366 (1957). 
Nevertheless, considering the unqualified admission of the real basis for her estimate, reasonable
minds could not differ that her estimate was not premised on rental value, the correct measure of
damages. See id. at 366-67. Considering only her testimony and indulging all inferences in favor
of the verdict, we find that the evidence is legally insufficient to support the damage award. See
Davis v. City of San Antonio, 752 S.W.2d 518, 522 (Tex. 1988). Therefore, we sustain the first
point. See Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987) (holding that a no-evidence point
is properly sustained if there is a complete absence of evidence or not more than a scintilla of
evidence supporting a vital fact). We do not reach points two, three, and five that question the
factual sufficiency of the evidence supporting the damage award.
      Nassar's final point is that the court should not have submitted Question 2 because there was
no evidence that he caused Cole's damages. This complaint was waived when he failed to object
to the question on this ground. See Tex. R. Civ. P. 274. Point six is overruled.
      We reform the judgment to delete the recovery of damages, for which there is no evidentiary
support, and affirm the judgment as reformed. See Tex. R. App. P. 80(b)(2).
 
                                                                                     BOB L. THOMAS
                                                                                     Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and 
      Justice Vance
Reformed and affirmed
Opinion delivered and filed March 31, 1993
Do not publish